MYNES ET AL., APPELLEES, *v.* BROOKS ET AL.; JDG HOME

INSPECTIONS, INC., ET AL., APPELLANTS.

[Cite as *Mynes v. Brooks,* 124 Ohio St.3d 13, 2009-Ohio-5946.]

*Appellate procedure — Final orders — R.C. 2711.02(C) — Order granting or denying stay pending arbitration is immediately appealable without certification pursuant to Civ.R. 54(B).*

(No. 2009-0054 — Submitted September 2, 2009 — Decided November 18, 2009.)

CERTIFIED by the Court of Appeals for Scioto County, No. 07CA3185, 2008-Ohio-5613.

_____

SYLLABUS OF THE COURT

R.C. 2711.02(C) permits a party to appeal a trial court order that grants or denies a stay of trial pending arbitration, even when the order makes no determination pursuant to Civ.R. 54(B).

_____

**MOYER, C.J.**

**I**

{¶ 1} The Fourth District Court of Appeals certified the following issue pursuant to Section 3(B)(4), Article IV of the Ohio Constitution and App.R. 25: "whether R.C. 2711.02 orders, which are not applicable to all the parties or claims, are final appealable orders without Civ.R. 54(B) language." For the reasons that follow, we reverse the judgment of the Fourth District Court of Appeals. An order granting or denying a stay of trial pending arbitration issued under R.C. 2711.02(B) is a final, appealable order under R.C. 2711.02(C), even without satisfying the requirements of Civ.R. 54(B).

## II

**{¶ 2}** Timothy and Janeen Mynes, appellees, aver that they purchased a house that, unbeknownst to them at the time of purchase, contained dangerous mold and structural defects. The Myneses sued, asserting mainly that persons involved with the sale of the home had knowingly concealed or negligently failed to discover and report the defects in the home.

**{¶ 3}** Among the defendants are appellants, JDG Home Inspections, Inc., d.b.a. the HomeTeam Inspection Service, and Tim Gambill, an employee of JDG (collectively, "the home inspectors"), who had contracted with the Myneses to perform a presale home inspection. The contract between the Myneses and the home inspectors contained an arbitration provision.

**{¶ 4}** The Myneses had originally agreed to a stay of the claims against the home inspectors pending arbitration, while the case proceeded against the remaining defendants; the trial court rendered an agreed order to that effect. However, the Myneses subsequently filed a motion for relief from that order, which the trial court granted. The trial court issued a new order, declining to stay the matter and ordering the home inspectors to participate in the lawsuit.

**{¶ 5}** The home inspectors filed an appeal from the new order, but the court of appeals dismissed their appeal. The court of appeals held that the order was "final" under R.C. 2711.02(C) but that it was not a final, appealable order, because it did not meet the requirements of Civ.R. 54(B). Finding no final, appealable order, the court of appeals held that it was without jurisdiction to consider the appeal.

**{¶ 6}** The court of appeals certified that its holding in this case conflicted with the decision of the Sixth District Court of Appeals in *Stewart v. Shearson Lehman Bros., Inc.* (1992), 71 Ohio App.3d 305, 593 N.E.2d 403, and the Eleventh District Court of Appeals in *Barnes v. Andover Village Retirement Community, Ltd.*, Ashtabula App. No. 2006-A-0039, 2007-Ohio-4112. We

recognized the conflict. *Mynes v. Brooks*, 120 Ohio St.3d 1523, 2009-Ohio-614, 901 N.E.2d 243.

### III

**{¶ 7}** During the pendency of this case, we issued an opinion regarding final, appealable orders under similar facts and a similar statute in *Sullivan v. Anderson Twp.*, 122 Ohio St.3d 83, 2009-Ohio-1971, 909 N.E.2d 88. We conclude that the reasoning of *Sullivan* applies with equal force to the issue before us today.

**{¶ 8}** In *Sullivan*, we examined R.C. 2744.02(C), which provides: "An order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order." Id. at ¶ 9. In that case, the trial court's order denied the township's motion for judgment on the pleadings on the issue of political subdivision immunity in a multiparty, multiclaim lawsuit. That order did not finally determine all claims, nor did it include the certification required by Civ.R. 54(B). Id. Nevertheless, we reasoned that the "general rules regarding final, appealable orders in multiparty and/or multiclaim cases" that "involve the tandem of R.C. 2505.02(B)[1] for substance and Civ.R. 54(B)[2] for procedure" did

---

1.        {¶ a} R.C. 2505.02(B) provides:
        {¶ b} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
        {¶ c} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
        {¶ d} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
        {¶ e} "(3) An order that vacates or sets aside a judgment or grants a new trial;
        {¶ f} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
        {¶ g} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
        {¶ h} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

not apply to the order at issue. (Footnotes added.) Id. at ¶ 10, citing *Noble v. Colwell* (1989), 44 Ohio St.3d 92, 97, 540 N.E.2d 1381.

**{¶ 9}** Civ.R. 54(B) certification ordinarily serves to confirm that the trial court has determined that its order should be appealable. The trial court makes this determination "in order to further the efficient administration of justice and to avoid piecemeal litigation or injustice attributable to delayed appeals." Id. at ¶ 11, citing *Wisintainer v. Elcen Power Strut Co.* (1993), 67 Ohio St.3d 352, 356-357, 617 N.E.2d 1136; *Noble*, 44 Ohio St.3d at 96, 540 N.E.2d 1381.

**{¶ 10}** But in *Sullivan*, we held that such a determination by the trial court was not necessary; the General Assembly had already made the determination that such orders were immediately appealable by indicating, in R.C. 2744.02(C), that the orders are "final." Id., 122 Ohio St.3d 83, 2009-Ohio-1971, 909 N.E.2d 88, at ¶12.

---

{¶ i} "(5) An order that determines that an action may or may not be maintained as a class action;

{¶ j} "(6) An order determining the constitutionality of any changes to the Revised Code made by Am. Sub. S.B. 281 of the 124th general assembly, including the amendment of sections 1751.67, 2117.06, 2305.11, 2305.15, 2305.234, 2317.02, 2317.54, 2323.56, 2711.21, 2711.22, 2711.23, 2711.24, 2743.02, 2743.43, 2919.16, 3923.63, 3923.64, 4705.15, and 5111.018, and the enactment of sections 2305.113, 2323.41, 2323.43, and 2323.55 of the Revised Code or any changes made by Sub. S.B. 80 of the 125th general assembly, including the amendment of sections 2125.02, 2305.10, 2305.131, 2315.18, 2315.19, and 2315.21 of the Revised Code.

{¶ k} "(7) An order in an appropriation proceeding that may be appealed pursuant to division (B)(3) of section 163.09 of the Revised Code."

2.   {¶ a} Civ.R. 54(B) provides:

{¶ b} "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

**{¶ 11}** We find *Sullivan* controlling in this case. Like *Sullivan*, this action involves multiple parties and claims, and the order did not contain the Civ.R. 54(B) certification. And, as in *Sullivan*, the order in this case was a final, appealable order according to statute, even without Civ.R. 54(B) certification.

**{¶ 12}** R.C. 2711.02(C) provides: "[A]n order * * * that grants or denies a stay of a trial of any action pending arbitration * * * is a final order and may be reviewed, affirmed, modified, or reversed on appeal pursuant to the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code." Just as with the statute in *Sullivan*, the General Assembly has already determined that orders under the ambit of R.C. 2711.02(C) are final and appealable. Therefore, there is no need for the trial court to determine whether to certify the order for appeal.

## IV

**{¶ 13}** R.C. 2711.02(C) permits a party to appeal a trial court order that grants or denies a stay of trial pending arbitration, even when the order makes no determination pursuant to Civ.R. 54(B). Therefore, we answer the certified question in the affirmative and reverse the judgment of the court of appeals. The court of appeals decided this case on jurisdictional grounds and declined to address the merits of appellant's assignment of error. Therefore, this cause is remanded to the court of appeals for consideration of the merits.

Judgment reversed

and cause remanded.

LUNDBERG STRATTON, O'CONNOR, and CUPP, JJ., concur.

PFEIFER and LANZINGER, JJ., dissent.

O'DONNELL, J., dissents and would affirm the judgment of the court of appeals.

_____

**LANZINGER, J., dissenting.**

**{¶ 14}** For the reasons expressed in my dissent in *Sullivan v. Anderson Twp.*, 122 Ohio St.3d 83, 2009-Ohio-1971, 909 N.E.2d 88, I again respectfully dissent. The trial court has been given authority under Civ.R. 54(B) to decide whether to render final orders appealable in multiparty litigation; this authority is not affected by R.C. 2711.02(C). I would answer the certified question in the negative and would affirm the decision of the court of appeals.

PFEIFER, J., concurs in the foregoing opinion.

_____

Madison & Rosan, L.L.P., and Kristin E. Rosan, for appellees.

Scott L. Braum & Assoc., Ltd., and Scott L. Braum, for appellants.

_____