GREEN TREE SERVICING, L.L.C., Appellee,

v.

KRAMER, Appellant, et al.

[Cite as *Green Tree Servicing, L.L.C. v. Kramer*, 193 Ohio App.3d 140, 2011-Ohio-1408.]

Court of Appeals of Ohio,
Second District, Clark County.

No. 2010–CA–66.

Decided March 22, 2011.

Demers & Adams, L.L.C., David J. Demers, and Krista A. Mroczkowski, for appellee.

Legal Aid of Western Ohio, Inc., Byron K. Bonar, Veronica L. Martinez, and Rutu B. Dalal; and Advocates for Basic Legal Equality, Inc., and Lauren E. Dreshman, for appellant.

FAIN, Judge.

{¶ 1} Defendant-appellant, Tonya Kramer, appeals from an order overruling her motion for reconsideration of an order staying the trial court proceedings and compelling arbitration. Kramer contends that the trial court erred in granting the motion of Green Tree Servicing, L.L.C., to stay proceedings and to compel arbitration.

{¶ 2} We conclude that the trial court's original order denying Green Tree's motion for stay and to compel arbitration was a final, appealable order. Consequently, the trial court lacked jurisdiction to reconsider that order, and the court's subsequent order granting the motion to stay proceedings and to compel arbitration was a nullity. The trial court did have the ability to determine whether its reconsideration order was void, because courts have inherent power to vacate void judgments. The trial court, therefore, erred when it failed to vacate its void reconsideration order.

{¶ 3} Accordingly, the order from which this appeal is taken is reversed. The order granting a stay of proceedings and compelling arbitration is vacated, and

the order denying the motion to stay the proceedings and compel arbitration is reinstated. This cause is remanded for further proceedings.

I

{¶ 4} In July 2009, plaintiff-appellee, Green Tree Servicing, L.L.C., filed a complaint for money, foreclosure, and other equitable relief against Tonya Kramer and Ann Fugate. Green Tree also included the State of Ohio Department of Taxation and the Clark County Treasurer as parties that may have claims against the property in question, which was identified as a manufactured home and real property located at 6036 Dolly Varden Road, South Charleston, Ohio. Tonya Kramer and Green Tree are the only parties to the appeal before us.

{¶ 5} Green Tree alleged that it had entered into an assignment and assumption agreement with Greenpoint Credit, L.L.C., which had loaned Kramer and Fugate the sum of $74,105.05 in October 2000. In consideration for the loan, Kramer and Fugate had executed a fixed-rate note and an open-end mortgage, giving Greenpoint a security interest in the manufactured home and real property. Green Tree alleged that Kramer and Fugate had defaulted on payments and owed $84,310.79, with interest of 9.31 percent per annum from June 25, 2009, plus late charges.

{¶ 6} Green Tree attached a note to the complaint, which contained the following language:

{¶ 7} "**ARBITRATION OF DISPUTES AND WAIVER OF JURY TRIAL**

{¶ 8} "**a. Dispute Resolution.** Any controversy or claim between or among you and me or our assignees arising out of or relating to this Agreement or any agreements or instruments relating to or delivered in connection with this Agreement, including any claim based on or arising from an alleged tort, shall, if requested by either you or me, be determined by arbitration, reference or trial by a judge as provided below. A controversy involving only a single claimant or claimants who are related or asserting claims arising from a single transaction, shall be determined by arbitration as described below. Any other controversy shall be determined by judicial reference of the controversy to a referee appointed by the court, or, if the court where the controversy is venued lacks the power to appoint a referee, by trial by a judge without a jury, as described below. **YOU AND I AGREE AND UNDERSTAND THAT WE ARE GIVING UP THE RIGHT TO TRIAL BY JURY, AND THERE SHALL BE NO JURY WHETHER THE CONTROVERSY OR CLAIM IS DECIDED BY ARBITRATION, BY JUDICIAL REFERENCE, OR BY TRIAL BY A JUDGE.**

{¶ 9} "**b. Arbitration.** Since this Agreement touches and concerns Interstate commerce, an Arbitration under this Agreement shall be conducted in accordance

with the United States Arbitration Act (Title 9, United States Code), notwithstanding any choice of law provision in this Agreement. The Commercial Rules of the American Arbitration Association ('AAA') also shall apply. The arbitrator(s) shall follow the law and shall give effect to statutes of limitation in determining any claim. Any controversy concerning whether an issue is arbitrable shall be determined by the arbitrator(s). The award of the arbitrator(s) shall be in writing and include a statement of reasons for the award. The award shall be final. Judgment upon the award may be entered in any court having jurisdiction, and no challenge to entry of judgment upon the award shall be entertained except as provided by Section 10 of the United States Arbitration Act or upon a finding of manifest injustice.

{¶ 10} "c. **Judicial Reference or Trial by a Judge.** If requested by either you or me, any controversy or claim under subparagraph (a) that is not submitted to arbitration as provided in subparagraph (b) shall be determined by reference to a referee appointed by the court who, sitting alone and without jury, shall decide all questions of law and fact. You and I shall designate to the court a referee selected under the auspices of the AAA in the same manner as arbitrators are selected in AAA-sponsored proceedings. The referee shall be an active attorney or retired judge. If the court where the controversy is venued lacks the power to appoint a referee, the controversy instead shall be decided by trial by a judge without a jury.

{¶ 11} "d. **Self–Help, Foreclosure, and Provisional Remedies.** The provisions of this paragraph shall not limit any rights that you or I may have to exercise self-help remedies such as set-off or repossession, to foreclose by power of sale or judicially against or sell any collateral or security, or to obtain any provisional or ancillary remedies from a court of competent jurisdiction before, after or during the pendency of any arbitration under subparagraph (b) above. Neither the obtaining nor the exercise of any such remedy shall serve as a waiver of the right of either you or me to demand that the related or any other dispute or controversy be determined by arbitration as provided above.

{¶ 12} " * * *

{¶ 13} "YOU AND I HAVE READ AND FULLY UNDERSTAND THIS AGREEMENT, INCLUDING THE PARAGRAPH CALLING FOR RESOLVING DISPUTES BY ARBITRATION, REFERENCE, OR TRIAL BY A JUDGE, AND NOT TRIAL BY A JURY, AND AGREE THAT THIS AGREEMENT SETS FORTH OUR ENTIRE AGREEMENT AND THAT NO OTHER PROMISES HAVE BEEN MADE." (Boldface and capitalization sic.)

{¶ 14} Kramer filed an answer and counterclaim against Green Tree. The answer raises various affirmative defenses, including unconscionability, unclean hands, and fraud, and that Green Tree is not the real party in interest. The

counterclaim contains two counts. Count I requests an injunction removing the mortgage from the premises, because the placing of the mortgage allegedly violated the Ohio Retail Installment Sales Act and the Ohio Consumer Sales Practices Act. Count II requests a declaratory judgment that Kramer owes nothing to Green Tree or to its predecessor because of the various claims and defenses alleged.

{¶ 15} In December 2009, Green Tree filed a motion requesting that the court stay the counterclaim and order the counterclaim to arbitration. The court overruled the motion to stay the proceedings and compel arbitration on February 9, 2010. The trial court did not serve that entry, pursuant to Civ.R. 58(B), until March 3, 2010. Green Tree never filed a notice of appeal from the order denying the motion for stay and motion to compel arbitration.

{¶ 16} On March 25, 2010, Green Tree filed a motion asking the court to reissue its February 9, 2010 entry with appropriate Civ.R. 54(B) language. On April 15, 2010, the trial court issued another order, overruling Green Tree's motion for Civ.R. 54(B) language. The court also stated that upon reconsideration of Green Tree's original motion to stay, it had decided to sustain the motion to stay proceedings and compel arbitration on the counterclaim. In reconsidering the motion to stay, the court acted sua sponte, when no motion for reconsideration had been made, at least none that is apparent on the record.

{¶ 17} The trial court never served the April 15, 2010 entry, pursuant to Civ.R. 58(B). Subsequently, Kramer asked the trial court to reconsider the April 15, 2010 entry, based on the fact that the order of February 9, 2010, was a final, appealable order. Kramer also noted that the April 15, 2010 order had not been served pursuant to Civ.R. 58(B), and so the time for appeal had not yet run.

{¶ 18} On June 10, 2010, the trial court overruled Kramer's motion for reconsideration. Kramer then filed a praecipe, asking for service of the June 10, 2010 order. The order was served, pursuant to Civ.R. 58(B), on June 16, 2010. Kramer then filed a notice of appeal from the June 10, 2010 order. That is the appeal currently before us.

## II

{¶ 19} Kramer's sole assignment of error is as follows:

{¶ 20} "The trial court erred in granting the motion of green tree servicing llc to stay proceedings and to compel arbitration."

{¶ 21} Kramer presents the following arguments under her sole assignment of error: (1) this action is not subject to arbitration because it is a controversy involving title to or possession of real estate, (2) Green Tree waived its right to compel arbitration by filing an affirmative action in state court, (3) Kramer's

counterclaims are not subject to arbitration because they involve issues identical to her affirmative defenses, and referring the matter to arbitration would create a risk of inconsistent results, (4) the arbitration clause is unenforceable because it is unconscionable, and (5) the February 9, 2010 judgment denying Green Tree's motion for a stay and to compel arbitration was a final, appealable order, and the trial court lacked jurisdiction to reconsider the order.

{¶ 22} We first address arguments pertaining to the appealability of the trial court's February 9, 2010 order. This order denied Green Tree's motion to stay the counterclaim and compel arbitration on the counterclaim. If the order was final, the trial court could not entertain motions for reconsideration on the issue of whether the matter should be referred to arbitration, because "[t]he Ohio Rules of Civil Procedure do not prescribe motions for reconsideration after a final judgment in the trial court." *Pitts v. Ohio Dept. of Transp.* (1981), 67 Ohio St.2d 378, 21 O.O.3d 238, 423 N.E.2d 1105, paragraph one of the syllabus.

{¶ 23} The February 9, 2010 order denying the motion for a stay pending arbitration was a final, appealable order, based on *Mynes v. Brooks,* 124 Ohio St.3d 13, 2009-Ohio-5946, 918 N.E.2d 511. *Mynes* was issued in November 2009, almost five months before the trial judge in the case before us reconsidered his ruling. *Mynes* resolved a conflict among districts regarding whether a Civ.R. 54(B) certification is required to render orders denying or granting stays pending arbitration final and appealable. Id. at ¶ 6. In resolving the conflict, the Supreme Court of Ohio stressed that the General Assembly had already decided that orders within the ambit of R.C. 2711.02(C) are final and appealable and that the trial court in the case before it did not need to decide whether to certify the order for appeal. Id. at ¶ 12. Accordingly, the Supreme Court of Ohio held:

{¶ 24} "R.C. 2711.02(C) permits a party to appeal a trial court order that grants or denies a stay of trial pending arbitration, even when the order makes no determination pursuant to Civ.R. 54(B)." Id. at syllabus.

{¶ 25} There is no dispute that Green Tree sought to stay the action pursuant to R.C. 2711.02. When the trial court denied Green Tree's motion on February 9, 2010, that order was a final, appealable order under R.C. 2711.02(C), and no Civ.R. 54(B) determination was needed. *Mynes,* 124 Ohio St.3d 13, 2009-Ohio-5946, 918 N.E.2d 511, ¶ 12.

{¶ 26} The trial court, therefore, had no ability to reconsider the order, and the trial court order purporting to reconsider the issue of a stay to arbitrate was a nullity. "Once an appealable or final judgment in a case has been journalized, it cannot be modified by that court except as provided under Civ.R. 50(B) (motion notwithstanding the verdict), Civ.R. 59 (motion for a new trial), or Civ.R. 60(B) (motion for relief from judgment)." *In re Guardianship of Maurer* (1995), 108

Ohio App.3d 354, 357, 670 N.E.2d 1030, citing Civ.R. 54(A) and *Pitts*, 67 Ohio St.2d at 380, 21 O.O.3d 238, 423 N.E.2d 1105.

{¶ 27} Green Tree contends that it asked the trial court during a pretrial to reconsider its February 9, 2010 order and that the trial court used its "discretionary powers" to treat Green Tree's motion as a Civ.R. 60(B) motion, rather than a request for reconsideration. The record is devoid of any evidence to support these contentions. No transcripts of any hearing have been submitted, and Green Tree's motion, filed on March 25, 2010, asks the court only to issue a Civ.R. 54(B) certification. The motion says nothing about vacating the judgment. Furthermore, the trial court's April 15, 2010 entry does not state that the court is vacating an order or judgment under Civ.R. 60(B). The court's two-line entry states only as follows:

{¶ 28} "Plaintiff's motion for the Court to make its February 9, 2010 Entry overruling plaintiff's motion for binding arbitration a final appeal order is OVERRULED.

{¶ 29} "Upon reconsideration of plaintiff's 12/17/09 motion to stay proceedings and compel arbitration on the counterclaim only; that motion is sustained."

■ {¶ 30} Accordingly, the trial court's order of February 9, 2010, was a final order, and the April 15, 2010 order purporting to reconsider that order is a nullity. The trial court did have the ability, however, to rule on Kramer's April 30, 2010 motion for reconsideration. In the motion, Kramer pointed out that the court's February 9, 2010 order was a final judgment on the issue and that Green Tree should have appealed the order but did not. We interpret Kramer's motion as having asked the court to vacate its void judgment; i.e., give judicial recognition to the fact that its order of April 15, 2010, is a nullity.

■ {¶ 31} Ohio courts have " 'inherent power to vacate a void judgment because such an order simply recognizes the fact that the judgment was always a nullity.' " *Ohio Receivables, L.L.C. v. Landaw,* Wayne App. No. 09CA0053, 2010-Ohio-1804, 2010 WL 1643594, ¶ 7, quoting *Van DeRyt v. Van DeRyt* (1966), 6 Ohio St.2d 31, 36, 35 O.O.2d 42, 215 N.E.2d 698. Accord *Patton v. Diemer* (1988), 35 Ohio St.3d 68, 70, 518 N.E.2d 941, and *Napier v. Napier,* 182 Ohio App.3d 672, 2009-Ohio-3111, 914 N.E.2d 1069 (vacating judgment entered on reconsideration that was a nullity).

{¶ 32} In *Williams v. Daniel* (Apr. 20, 1989), Cuyahoga App. No. 55299, 1989 WL 43595, the defendant's insurance carrier filed a motion to vacate a default judgment against the defendant, and the trial court denied the motion in July 1987. The trial court then granted the insurer's motion for reconsideration in August 1987. In September 1987, the trial court filed a further order, granting the insurer's motion to vacate the default judgment and reinstating the case.

Subsequently, in December 1987, the trial court granted the plaintiffs' motion to terminate all proceedings that occurred after the denial of the motion to vacate the default judgment. As in the case before us, the plaintiffs argued that the denial of the motion to vacate was a final, appealable order from which no appeal had been filed. Id. at *1. Inexplicably, after entering the order terminating the case, the trial court sua sponte filed an order in January 1988 reinstating the case. Id.

{¶ 33} On appeal, the Eighth District Court of Appeals held that all the orders following the denial of the motion to vacate the default judgment were nullities. The sole exception was the December 1987 termination order, which invoked the court's inherent power to correct void acts. Id. at *2. Because the orders reconsidering and setting aside the default judgment were nullities, the Eighth District Court of Appeals reversed the judgment of the trial court and reinstated the default judgment in favor of the plaintiffs. Id.

{¶ 34} The circumstances in *Williams* are similar to those in the case before us. The trial court denied Green Tree's motion for a stay and to compel arbitration in February 2010. This was a final, appealable order, and Green Tree failed to appeal. The trial court's reconsideration order of April 15, 2010, which granted Green Tree's motion for a stay and to compel arbitration was, therefore, a nullity. Kramer did appropriately raise the final-order issue in the motion filed on April 30, 2010. At that time, the trial court had the inherent power to decide if its reconsideration order was void. The trial court thus erred in failing to vacate the reconsideration order, which was a nullity.

{¶ 35} Green Tree contends in its brief that Kramer should have appealed from the April 15, 2010 order granting reconsideration. Appeal from that order would not have been appropriate, because it was a nullity. *Ohio Receivables, L.L.C.,* 2010-Ohio-1804, 2010 WL 1643594, ¶ 7 (declining to address the merits of the appeal, because an appellate court does not have jurisdiction over the merits of an appeal from a void judgment). Even if an appeal could have been taken from the April 15, 2010 order, the failure to pursue that remedy would not have been fatal. A void order can be collaterally attacked at any time, in any appropriate venue. Certainly, one appropriate venue would be the trial court in which the void order was entered on the record.

{¶ 36} Because the invalidity of the trial court's reconsideration order disposes of this appeal, we need not address Kramer's remaining arguments.

{¶ 37} Kramer's sole assignment of error is sustained.

## III

{¶ 38} Kramer's sole assignment of error having been sustained, the order from which this appeal is taken is reversed, and this cause is remanded for

further proceedings. The April 15, 2010 order of the trial court staying the action and compelling arbitration is vacated, and the February 9, 2010 order denying the motion to stay the action and compel arbitration is reinstated.

Judgment reversed.

GRADY, P.J., and DONOVAN, J., concur.