[Cite as *Papandreas v. KNL Custom Homes, Inc.*, 2016-Ohio-5136.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 103556

---

# SAMUEL PAPANDREAS, ET AL.

### PLAINTIFFS-APPELLANTS

### vs.

# KNL CUSTOM HOMES, INC.

### DEFENDANT-APPELLEE

---

## JUDGMENT:
### REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-832229

**BEFORE:** Laster Mays, J., Keough, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 28, 2016

**ATTORNEYS FOR APPELLANTS**

Patricia L. Seifert
Susan M. Audey
Chelsea M. Croy
John Q. Lewis
Tucker Ellis L.L.P.
950 Main Avenue, Suite 1100
Cleveland, Ohio 44113


**ATTORNEY FOR APPELLEE**

Brian K. Skidmore
Skidmore & Associates Co., L.P.A.
National City Center
One Cascade Plaza, 12th Floor
Akron, Ohio 44308

ANITA LASTER MAYS, J.:

{¶1}   Plaintiffs-appellants, Samuel Papandreas and Joyce Papandreas (collectively "Papandreas"), appeal from the trial court's sua sponte order, entered on August 26, 2015. That order vacated the April 10, 2015 order granting the parties' joint motion to vacate the trial court's December 10, 2014 order denying appellants' motion to bifurcate the direct claim for breach of the settlement agreement ("Settlement Agreement") from the counterclaims based on breach of the underlying agreement, and to stay the counterclaims pending arbitration.   We reverse and remand.

## I.    FACTS AND PROCEDURE

{¶2}   In 2009, Papandreas and KNL Custom Homes, Inc. ("KNL") entered into an agreement for the construction of a custom home ("Agreement").   Papandreas argued there were disputes about the scope and quality of work while KNL maintained Papandreas wanted upgrades without increased costs.   Ultimately, Papandreas withheld payments and KNL and a subcontractor filed mechanics liens against the property.

{¶3}   Article 14 of the Settlement Agreement contained an arbitration provision providing that:

> This Agreement shall be governed by the laws of the state of Ohio. Any unresolved dispute or claim arising out of or related to this Agreement or breach thereof (which continues beyond thirty days after written notice is provided to the other Party) shall be settled by binding arbitration in Cleveland, Ohio, in proceedings governed by the rules of the American Arbitration Association.

**{¶4}** In July 2011, KNL filed a demand for arbitration with the American Arbitration Association ("AAA") for breach of contract and lien enforcement. Papandreas filed a response claiming breach of contract, fraud, misrepresentation, and violation of the Ohio Consumer Sales Practices Act. The parties engaged in prearbitration activities and discovery. The arbitration hearing was set for December 2013.

**{¶5}** By August 2013, arbitration costs for each party combined totaled over $50,000. Papandreas stated that KNL wanted to resolve the issues due to the "exorbitant costs of arbitration" as well as the results of the Papandreases' deposition of their expert. Papandreas alleged that KNL agreed to settle the dispute, and the arbitration proceedings were terminated. According to Papandreas, KNL agreed to release liens on behalf of itself and the subcontractor, Papandreas would pay KNL an agreed sum and release to KNL funds that Papandreas deposited with AAA. Counsel for appellants prepared the Settlement Agreement ("Settlement"). Appellants assert that KNL refused to sign.

**{¶6}** In September 2014, appellants filed suit against KNL for breach of the Settlement. KNL counterclaimed on various grounds including breach of the Agreement. Appellants filed a motion to bifurcate the claim for breach of the Settlement from the counterclaims based on the Agreement containing the arbitration provision or, in the alternative, to grant a motion to stay the proceedings pending arbitration.

**{¶7}** The trial court denied the motions to bifurcate and stay by order filed December 10, 2014. Papandreas appealed the denial in *Papandreas v. KNL Custom*

*Homes, Inc.,* 8th Dist. Cuyahoga No. 102444, and subsequently dismissed the appeal. An agreement was reached at the appellate prehearing conference to stay the counterclaims pending the trial court's ruling on the breach of the Settlement. The parties jointly requested the trial court to vacate the December 10, 2014 order denying the stay pending arbitration and bifurcation and allow the case to proceed to trial on the settlement claim.

{¶8} Therefore, according to the joint motion to vacate filed by the parties, if the Settlement issue was resolved in favor of Papandreas, the counterclaims would be deemed moot. If the trial court ruled in KNL's favor, the counterclaims would proceed to arbitration. In an order dated April 8, 2015 and filed on April 10, 2015, the trial court held, "Joint Motion (#4196189) to Vacate is granted. This Court grants Plaintiff's Motion to Bifurcate and Stay Defendant's Counterclaim. Discovery is extended to 06-10-15. All other dates remain as set."

{¶9} On April 20, 2016, the trial court sua sponte issued an order that stated, "Court not having been fully advised on the parties' joint motion to vacate granted the motion. Granting said motion has placed this court in a position where this court must recuse itself from this case."

{¶10} In spite of the recusal entry, the trial court continued to issue entries and remained active in the case. On August 26, 2015, the trial court entered a case management order:

> Case management conference order. Trial is scheduled for 07-11-16 at 9:00 a.m. Final pretrial is scheduled for 06-15-16 at 10:00. Settlement

conference is scheduled for 03-03-16 at 10:00. Discovery shall be completed on or before 12-04-15, expect [sic] as provided in local rule 21.1. expert witness reports — plaintiff shall submit expert report(s) on or before 12-04-15. Defendant shall submit expert report(s) on or before 02-18-16. All motions, dispositive or otherwise, must be filed with the court on or before 03-24-16, with brief(s) in opposition due 04-25-16. Any replies in 10 days. Notice issued.

**{¶11}** Also on August 26, 2015, in a separate entry, the trial court sua sponte ordered that, "[t]his court vacates its 04-10-15 order where it granted the parties' joint motion to vacate as such order was improvidently issued." It is from this order that appellants appeal.

## II. ASSIGNMENT OF ERROR

**{¶12}** Appellants offer a single assignment of error: the trial court erred in effectively denying the Papandreases' motion to stay arbitration pending resolution of counterclaims. However, we find that this matter is properly resolved on procedural grounds.

## III. ANALYSIS

**{¶13}** The parties are before this court effectively proffering the same arguments as it had in the prior appellate action, which resulted in the joint motion to vacate and the April 10, 2015 trial court entry approving the motion. The parties have stated in their briefs and during oral arguments that they have no idea why the trial judge sua sponte issued the August 26, 2015 order.

**{¶14}** This court finds that there is a clear and expedient resolution to this case. The trial court lacked authority to, via the August 26, 2015 order, sua sponte vacate the

April 10, 2015 order as: (1) an order granting or denying a motion to stay arbitration is a final appealable order, and (2) the entry of the April 21, 2015 recusal order divested the judge of authority to proceed in this case.

**{¶15}** A motion granting or denying a stay pending arbitration "is a final order and a trial court lacks authority to reconsider such orders absent a jurisdictional basis." *Tedeschi v. Atrium Ctrs., L.L.C.*, 8th Dist. Cuyahoga No. 97647, 2012-Ohio-2929, ¶ 9. *Id.* at ¶ 9. *See also Russell v. RAC Natl. Prod. Serv., LLC*, 4th Dist. Washington No. 14CA17, 2014-Ohio-3392, ¶ 14 (the proceedings set forth in R.C. 2711.02 and 2711.03 are special proceedings under R.C. 2505.01(A)(1), and thus are final appealable orders).

**{¶16}** In *Green Tree Servicing, L.L.C. v. Kramer*, 193 Ohio App.3d 140, 2011-Ohio-1408, 951 N.E.2d 146 (2d Dist.), the court determined that the trial court's original order denying Green Tree's motion to stay pending arbitration was a final appealable order. *Id.* at ¶ 15. Green Tree subsequently filed a motion requesting that the court reissue its entry with Civ.R. 54(B) language.[1] The trial court denied the motion but determined that "upon reconsideration of Green Tree's original motion to stay, it had decided to sustain the motion to stay proceedings and compel arbitration on the counterclaim. In reconsidering the motion to stay, the court acted sua sponte, when no

---

[1] As the appellate court observed elsewhere in its opinion, the Ohio Supreme Court had recently determined in *Mynes v. Brooks*, 124 Ohio St.3d 13, 2009-Ohio-5946, 918 N.E.2d 511, that a motion to stay pending arbitration was a final appealable order so a Civ.R.54(B) certification, allowing for reconsideration or rehearing of interlocutory orders, was not required. *Green Tree* at ¶ 23.

motion for reconsideration had been made, at least that is apparent on the record." *Id*. at ¶ 16.

{¶17} Since the original order denying the motion to stay was a final appealable order, the *Green Tree* court held that the trial court had no authority to, sua sponte, issue the reconsidered order:

> The trial court, therefore, had no ability to reconsider the order, and the further trial court order purporting to reconsider the issue of a stay to arbitrate was a nullity. "Once an appealable or final judgment in a case has been journalized, it cannot be modified by that court except as provided under Civ.R. 50(B) (motion notwithstanding the verdict), Civ.R. 59 (motion for a new trial), or Civ.R. 60(B) (motion for relief from judgment)."

*In re Guardianship of Maurer*, 108 Ohio App.3d 354, 357, 670 N.E.2d 1030 (6th Dist.1995), citing Civ.R. 54(A) and *Pitts* [*v. Ohio Dept. of Transp.*], 67 Ohio St.2d 378, 380, 423 N.E.2d 1105 (1981). *Green Tree* at ¶ 26.

{¶18} In the instant case, the April 10, 2015 order granting the joint motion to vacate the December 10, 2014 entry was technically a final appealable order. Therefore, the trial court abused its discretion in sua sponte issuing the August 26, 2015 order vacating the April 10, 2015 order because the trial court lacked authority to do so. *Green Tree*, *Tedeschi*, and *Russell*, *supra*.

{¶19} We further find that the August 26, 2015 order is of no effect because pursuant to the April 21, 2015 recusal entry of the trial court, the trial court lacked authority to preside over the case.

> Once a judge recuses himself from further dealings in the matter, the judge no longer has authority to act concerning the case. *State v. Raypole*, 12th Dist. Fayette No. CA99-05-012, 1999 Ohio App. LEXIS 5357 (Nov. 15,

1999); and *Justice v. Columbus*, 10th Dist. Franklin No. 91AP-675, 1991 Ohio App. LEXIS 5488 (Nov. 14, 1991).

*Seed Consultants, Inc. v. Schlichter*, 12th Dist. Fayette No. CA2011-02-002, 2012-Ohio-2256, ¶ 31.

**{¶20}** The August 26, 2015 order from which this appeal was taken is vacated, the April 10, 2015 order granting the joint motion is reinstated, the trial court is recused pursuant to its April 21, 2015 order, and the case shall be returned to the administrative judge for reassignment.

It is ordered that appellants and appellee equally split the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

KATHLEEN ANN KEOUGH, P.J., CONCURS;
EILEEN T. GALLAGHER, J., CONCURS IN JUDGMENT ONLY