[Cite as *Michigan Timber & Truss, Inc. v. Summit Bldg. Servs., L.L.C.*, 2021-Ohio-3158.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| Michigan Timber & Truss, Inc., | : | |
| Plaintiff-Appellee, | : | |
| v. | : | |
| Summit Building Services, LLC, et al., | : | No. 20AP-557<br>(C.P.C. No. 19CV-10385) |
| Defendants-Appellees/<br>Third-Party Plaintiffs, | : | (ACCELERATED CALENDAR) |
| v. | : | |
| Ruscilli Construction Co., Inc., et al., | : | |
| Third-Party Defendants/<br>Appellants. | : | |
|  | : | |

D E C I S I O N

Rendered on September 14, 2021

**On brief:** *McDonald Hopkins LLC, Peter D. Welin*, and *John A. Gambill*; *Andrew R. Fredelake*, for appellant Ruscilli Construction Co. **Argued:** *John A. Gambill.*

**On brief:** *Taft Stettinius & Hollister LLP, James D. Abrams*, and *Joseph C. Pickens*, for appellee Summit Building Services, LLC. **Argued:** *James D. Abrams.*

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Appellant/third-party-counterclaim defendant, Ruscilli Construction Co., Inc. ("Ruscilli"), appeals from a judgment of the Franklin County Court of Common Pleas denying its motion to stay proceedings and compel arbitration with appellee/third-party-

counterclaim plaintiff, Summit Building Services, LLC ("Summit"). For the following reasons, we reverse the trial court judgment.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Ruscilli is the general contractor for a commercial construction project located at 230 E. Long Street in Columbus, Ohio. Ruscilli entered into a subcontract with Summit pursuant to which Summit agreed to perform the rough carpentry for the project. Summit then entered into a contract/purchase order with Michigan Timber & Truss, Inc. ("MTT") whereby MTT agreed to supply Summit with lumber materials for the carpentry work.

{¶ 3} A dispute arose between MTT and Summit regarding whether MTT provided defective and/or noncompliant materials. After failing to resolve their differences, Summit declared MTT in default of their contract and terminated the purchase order in October 2019. A few months later, in December 2019, since Summit had not fully paid MTT under the purchase contract, MTT filed the instant lawsuit claiming breach of contract, conversion, and unjust enrichment against Summit, and lien on discharge bond and violation of the Ohio Prompt Payment Act against Summit and bond-issuer Employers Mutual Casualty Company ("EMCC").

{¶ 4} On March 2, 2020, Summit and EMCC filed a combined answer, third-party complaint against an insurance company, counterclaim against MTT for breach of contract ("Count I"), and—pertinent to this appeal—counterclaim for declaratory judgment against MTT and "[t]hird-party [c]ounterclaim [d]efendants" identified as Ruscilli and the property owner ("Count II"). (Answer & Counterclaims at 8, 12.) The counterclaim for declaratory judgment in Count II involved "whether Ohio's Prompt Pay Act, R.C. 4113.61(A)(1)(b) required Summit to make payments to MTT when Summit has unapplied charge-backs and other deductions that apply to MTT's pay applications and where Ruscilli has not made payment to Summit for its pay applications that included MTT's work." (Answer & Counterclaims at 11.) Summit asserted in pertinent part that Ruscilli was "required to be named in this claim pursuant to R.C. 2721.12(A) because [it has] an interest that may be effected by the declaration requested [in the counterclaim]." (Answer & Counterclaims at 12.)

{¶ 5}   On July 21, 2020, MTT filed a motion for leave to amend its complaint to join Ruscilli and the property owner as defendants and to add a claim of unjust enrichment against them.  On August 13, 2020, Ruscilli and the property owner filed a joint motion to dismiss Count II of Summit's counterclaim or, alternatively, to stay proceedings as to that count and compel arbitration pursuant to the terms of the subcontract.  Later that month, Ruscilli filed a related motion to stay discovery.

{¶ 6}   Summit opposed Ruscilli's motion to dismiss or stay and compel arbitration, arguing in pertinent part that a declaratory judgment action is not a "dispute" as set forth in the subcontract clauses dealing with arbitration.  (Memo. Contra at 2, 7-8.)  Specifically, Summit contended that the unambiguous language of the subcontract required only disputes arising "during the 'course of construction' " to be arbitrated, and therefore that clause is not applicable in this case since the subcontract was terminated by Ruscilli.  (Memo. Contra at 7-8, citing Subcontract, Article 11.1.)

{¶ 7}   In an October 29, 2020 decision, the trial court denied Ruscilli's motion to stay and order arbitration, but did so for reasons other than those raised by the parties.  The trial court stated:

> Instead of addressing whether a declaratory judgment claim is a dispute within the contract, however, the Court finds a more straightforward reason that the request for a stay is not currently persuasive.  Even if the declaratory judgment action was a dispute set forth in the contract, Ruscilli has shown no evidence that arbitration is the correct stage of the dispute resolution process as set forth in the contract for the matters at hand.  Indeed, there are two conditions precedent before arbitration is permitted: 1) attempting to settle through direct discussion by and between the parties' respective Project Managers and 2) pursuing mediation.  If the Court were to consider a stay, Ruscilli would need to show that it had first attempted to settle through direct discussion with SBS and then, second, mediation with SBS.  Ruscilli has not currently met this burden, and thus the Court declines to stay the proceedings against Ruscilli stemming from count II of SBS's counterclaim.

(Oct. 29, 2020, Trial Court Judgment at 11-12.)

{¶ 8}   In response to the trial court's assertion that it "had shown no evidence" of the conditions precedent being met, in November 2020 Ruscilli filed a "Motion to Stay

Pursuant to R.C. 2711.02 and Compel Arbitration Pursuant to R.C. 2711.03" with (what it asserts to be) evidence it satisfied all conditions precedent attached to the motion. Ruscilli filed a notice of appeal, and the November 2020 motion to stay remains pending in the trial court.

## II. ASSIGNMENTS OF ERROR

{¶ 9} Ruscilli submits two assignments of error for our review:

> ASSIGNMENT OF ERROR NO. 1: The Trial Court Erred In Denying Ruscilli's Motion To Dismiss Or, Alternatively, To Stay Pending Arbitration Based Upon Ruscilli's Failure To Prove That All Conditions Precedent Had Been Satisfied Because Issues Of Procedural Arbitrability Are Reserved For The Arbitrator.

> ASSIGNMENT OF ERROR NO. 2: The Trial Court Erred In Denying Ruscilli's Motion To Dismiss Or, Alternatively, To Stay Pending Arbitration Because Ruscilli Adequately Showed That Summit's Declaratory Judgment Action Is Subject To Mandatory And Binding Arbitration.

## III. STANDARD OF REVIEW

{¶ 10} An appellate court generally reviews an appeal from a motion to stay proceedings pending arbitration for an abuse of discretion. *Morris v. Morris*, 189 Ohio App.3d 608, 2010-Ohio-4750, ¶ 15 (10th Dist.). An abuse of discretion implies the trial court decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). However, an appellate court employs a de novo standard of review where the appeal of a motion to stay proceedings pending arbitration presents a question of law. *Morris* at ¶ 15. "Thus, '[a] trial court's decision granting or denying a stay of proceedings pending arbitration is * * * subject to de novo review on appeal with respect to issues of law, which commonly will predominate because such cases generally turn on issues of contractual interpretation or statutory application.' " *Id.* citing *Hudson v. John Hancock Fin. Servs.*, 10th Dist. No. 06AP-1284, 2007-Ohio-6997, ¶ 8.

## IV. ANALYSIS

{¶ 11} Before addressing the assignments of error, we recognize that Summit, in its appellate brief, references its December 2020 motion to dismiss this appeal for lack of subject-matter jurisdiction. Summit contends, "since the trial court did not decide the threshold issue of whether Summit's counterclaim for declaratory judgment is arbitrable,

which is exclusively for the trial court to determine, this [c]ourt has nothing yet to review." (Appellee's Brief at 1.)

{¶ 12} This issue was already addressed and resolved in *Michigan Timber & Truss, Inc. v. Summit Bldg. Services, LLC*, 10th Dist. No. 20AP-557 (Mar. 9, 2021) (memorandum decision). Citing to R.C. 2711.02(C) and *Mynes v. Brooks*, 124 Ohio St.3d 13, 2009-Ohio-5946, syllabus, we determined this court has jurisdiction to determine whether the trial court erred when it denied Ruscilli's motion to stay proceedings and compel arbitration. Therefore, we denied Summit's motion to dismiss the appeal. Having previously decided this issue, we proceed to the merits of the appeal.

{¶ 13} In its first assignment of error, Ruscilli contends the trial court erred in denying its motion to stay based on Ruscilli's failure to prove that all conditions precedent to arbitration had been satisfied. According to Ruscilli, the trial court exceeded its well-established role in determining whether the subject matter of a dispute is an arbitrable issue (referred to as "substantive arbitrability" or just "arbitrability") and instead improperly opined on a subject that should have been reserved for the arbitrator:  i.e., the procedural issue of whether (possible) conditions precedent to arbitration had been satisfied. (Appellant's Brief at 19-21.) For the following reasons, we agree with Ruscilli.

{¶ 14} "[B]oth the Ohio General Assembly and Ohio courts have expressed a strong public policy favoring arbitration." *Hayes v. Oakridge Home*, 122 Ohio St.3d 63, 2009-Ohio-2054, ¶ 15. "The Ohio General Assembly has evinced its endorsement of the strong public policy favoring arbitration via R.C. 2711.01(A), which provides that an arbitration agreement 'shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract.' " *One Lifestyle, Ltd. v. Mohiuddin*, 10th Dist. No. 20AP-72, 2021-Ohio-1594, ¶ 15. A trial court is authorized to stay an action pending arbitration if the trial court is satisfied that "the issue involved in the action is referable to arbitration under an agreement in writing" for arbitration and "provided the applicant for the stay is not in default in proceeding with arbitration."[1] *See* R.C. 2711.02(B).

---

[1] We note that Summit has not argued that Ruscilli is in default in proceeding with arbitration under R.C. 2711.02(B). *See generally Artex Oil Co. Arloma Corp. v. Energy Sys. Mgt. of Ohio, Inc.*, 7th Dist. No. 296, 2002-Ohio-5244, ¶ 15 and *Ohio Plumbing, Ltd. v. Fiorilli Constr., Inc.*, 8th Dist. No. 106242, 2018-Ohio-1748, ¶ 17-18 (equating "in default" provision of R.C. 2711.02(B) to "waiver" of a party's right to arbitrate).

{¶ 15} Faced with a motion to stay litigation pending arbitration, "a trial court must first determine whether the parties agreed to submit the matter to arbitration." *Mohiuddin* at ¶ 18. As a general rule, "matters regarding procedural questions growing out of the parties' dispute and bearing on its final disposition are best left to the determination of the arbitrator." *Council of Smaller Ents. v. Gates, McDonald & Co.*, 80 Ohio St.3d 661, 668-69 (1998), citing *John Wiley & Sons v. Livingston*, 376 U.S. 543, 557 (1964). The Tenth District Court of Appeals recognizes this guiding principle. *See, e.g., FOP Capital City Lodge No. 9 v. Reynoldsburg*, 10th Dist. No. 12AP-451, 2013-Ohio-1057. *Id.* at ¶ 26, citing *John Wiley & Sons, Inc.* ("When the subject matter of a dispute is arbitrable, procedural questions that grow out of the dispute and bear on its final disposition are to be left to the arbitrator.").

{¶ 16} This court in *Baker-Henning Prods. v. Jaffe*, 10th Dist. No. 00AP-36, 2000 Ohio App. LEXIS 5147 (Nov. 7, 2000), found that whether a "condition precedent" to arbitration had been met is a procedural question within the purview of the arbitrator. Considering a contract containing a broadly-worded arbitration clause, the *Jaffe* court was persuaded by the reasoning of *John Wiley & Sons* and a previous Tenth District decision that explained court intervention as to procedural issues cuts against the "accepted policy favoring arbitration and removing these issues from the court[.]" *Id.* at *9-10, quoting *Reynoldsburg City School Dist. Bd. of Edn. v. Reynoldsburg School Support Assn.*, 10th Dist. No. 90AP-1233 (June 4, 1991).

{¶ 17} This same reasoning prevailed in a Third District Court of Appeals case even where the contract arguably included a "multi-step dispute resolution process" approach to dispute resolution. *Blanchard Valley Health Sys. v. Canterbury Holdings, Inc.*, 3d Dist. No. 5-12-08, 2012-Ohio-5134, ¶ 22-25. The party resisting arbitration in that case argued that the matter should not have been referred to arbitration since the contract there contained conditions precedent to arbitration in the form of dispute resolution steps that had not been satisfied. Citing *Gates, McDonald & Co.* and *John Wiley & Sons, Inc.*, the Third District found "it is appropriate that the arbitrator determine whether these claimed procedural prerequisites are material and whether they have been met." *Blanchard Valley Health* at ¶ 24. Concluding "[p]rocedural arbitrability falls within the purview of the arbitrator," the Third District overruled the assigned error. *Id.* at ¶ 25.

{¶ 18} Summit counters that some courts, including the Eighth District in *Progressive Casualty Ins. Co. v. Barron*, 8th Dist. No. 46521, 1983 Ohio App. LEXIS 12308 (Oct. 27, 1983), *5,[2] have found that the issue of fulfillment of conditions precedent to arbitrability may be decided by the trial court. Summit's citation to *Barron* is not persuasive. *Barron* was based on *Vulcan-Cincinnati, Inc. v. United Steelworkers of Am.*, 113 Ohio App. 360 (1960), a case that appears to conflate conditions precedent with issues of "arbitrability" in contrast to later Supreme Court of Ohio precedent. *Compare Vulcan-Cincinnati* at 366 with *Gates, McDonald & Co.* at 668-89. Moreover, since *Barron* was issued in 1983, the Eighth District Court of Appeals has more recently taken an approach in line with *Gates, McDonald & Co. See*, e.g., *Bd. of Library Trustees, Shaker Hts. Pub. Library v. Ozanne Constr. Co., Inc.*, 100 Ohio App.3d 26, 30 (8th Dist.1995) and *N. Elec., Inc. v. Amsdell Constr., Inc.*, 8th Dist. No. 85293, 2005-Ohio-4134, ¶ 21 (both stating, "Once arbitration is selected as the proper forum, the arbitrator determines all issues of procedural arbitrability, i.e., whether the party demanding arbitration has complied with all precedent conditions set forth in the agreement itself.") (Internal citations omitted.)

{¶ 19} In this case, we cannot say the subcontract at issue demands a departure from the general principles discussed above. The subcontract states, in pertinent part, "If at any point during the course of construction a dispute arises out of, or relates to [the] Subcontract or the alleged breach thereof," the parties are required to "endeavor to settle the dispute first" through discussions between the project managers and then higher up representatives of each party and, if those discussions fail, "endeavor to settle the dispute by mediation[,]" a condition precedent to arbitration. (Subcontract[3] at Article 11.1.) "In the event that a dispute is not resolved [through discussions or mediation], the method of binding dispute resolution shall be" * * * [a]rbitration." (Subcontract at Article 11.2.)

---

[2] Summit also submitted a notice of additional authorities to be presented at oral argument. While these authorities were not raised and discussed at oral argument, this court did review the cited cases in considering the appeal and do not find they support affirming the trial court in this case. For example, the only case cited related to conditions precedent, *Coors Brewing Co. v. Molson Breweries*, 51 F.3d 1511, 1516 (10th Cir.1995), does not reference procedural conditions precedent to arbitration in the sense used in this case but essentially discusses that arbitrability is a condition precedent to involuntary arbitration. *See Id.* at 1516 ("A dispute within the scope of the contract is still a condition precedent to the involuntary arbitration of antitrust claims. * * * arbitration is a matter of contract and that a party cannot be required to submit to arbitration any suit it has not agreed to arbitrate.")

[3] Subcontract is Ex. A to *Ruscilli Construction Co., Inc. And 230 Long St. CP, LLC's Joint Motion To Dismiss Count II Of Summit Building Services, LLC's Counterclaim Or, Alternatively, To Stay Proceedings As To That Count And Compel Arbitration*, filed Aug. 13, 2020.

"Litigation" was provided as a listed option, but not selected by the parties. (Subcontract at Article 11.2.)

{¶ 20} The subcontract does not expressly discuss whether the trial court or arbitrator should determine if the stated conditions precedent to arbitration have been satisfied. Moreover, Summit does not contend that the particular language of the contract here required the trial court to determine issues related to conditions precedent. In such a case, we believe the general rule that questions of arbitrability should be addressed by the trial court and then "procedural questions that grow out of the dispute and bear on its final disposition are to be left to the arbitrator" applies. *FOP Capital City Lodge No. 9* at ¶ 26; *see also Hayes* at ¶ 15 ("In light of the strong presumption favoring arbitration, all doubts should be resolved in its favor."). We further note that the parties agree that the trial court should not have bypassed the issue of arbitrarily as a threshold issue. (Appellee's Brief at 11; Appellant's Brief at 19, 26; July 21, 2021 Oral Arg.) Considering all the above, and on the facts of this case, we find the trial court erred in denying Ruscilli's motion to stay pending arbitration based on its *sua sponte* determination that conditions precedent to arbitration had not been proven by Ruscilli.

{¶ 21} Accordingly, Ruscilli's first assignment of error is sustained.

{¶ 22} In its second assignment of error, Ruscilli contends the trial court erred in denying its motion to dismiss or stay pending arbitration because it showed Summit's declaratory judgment action is subject to mandatory and binding arbitration. In this argument, Ruscilli essentially asks this court to determine, in the first instance, the threshold issue of whether the parties' disagreement is arbitrable.

{¶ 23} This argument is premature. As established in the first assignment of error, the trial court in this case bypassed the issue of arbitrability altogether and improperly proceeded to determine whether conditions precedent to arbitrability had been met. We decline to decide this issue in the first instance on appeal and, instead, remand this matter for the trial court to consider and decide. *City of Riverside v. State*, 190 Ohio App.3d 765, 2010-Ohio-5868, ¶ 58 (10th Dist.); *Saxton v. Navistar, Inc.*, 10th Dist. No. 11AP-923, 2013-Ohio-352, ¶ 16; *Ohio AG v. John Doe 26*, 141 Ohio App.3d 242, 254 (10th Dist.2000). For these reasons, and without expressing an opinion on the merits of the arbitrability issue, Ruscilli's second assignment of error is overruled.

## V. CONCLUSION

{¶ 24} Having sustained Ruscilli's first assignment of error and overruled Ruscilli's second assignment of error for the limited reasons stated herein, we reverse the judgment of the Franklin County Court of Common Pleas and remand the matter for further proceedings consistent with this decision.

*Judgment reversed;*
*cause remanded.*

KLATT and JAMISON, JJ., concur.

_____