[Cite as *Jones v. Russell*, 2023-Ohio-351.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| MARY ELIZABETH JONES, | **CASE NO. 2022-P-0076** |
| Plaintiff-Appellant, | |
| - vs - | Civil Appeal from the<br>Court of Common Pleas |
| JOHN RUSSELL, | |
| Defendant, | Trial Court No. 2022 CV 00584 |
| MATCH GROUP, INC., | |
| Defendant-Appellee. | |

**M E M O R A N D U M**
**O P I N I O N**

Decided: February 6, 2023
Judgment: Appeal dismissed

*Mary Elizabeth Jones*, pro se, P.O. Box 1092, Kent, OH 44240 (Plaintiff-Appellant).

*Christopher E. Cotter* and *Samuel L. Delcolle,* Roetzel & Andress, 222 South Main Street, Suite 400, Akron, OH 44308 (For Defendant-Appellee).

MATT LYNCH, J.

{¶1}   Appellant, Mary Elizabeth Jones, appeals the November 8, 2022 entry of the Portage County Court of Common Pleas dismissing her claim against appellee, Match Group, Inc., and denying her motion for default judgment against John Russell.  For the reasons set forth herein, the appeal is dismissed for lack of final appealable order.

{¶2}   The underlying matter pertains to an action filed by Ms. Jones against Match Group and Mr. Russell.  She alleges she met Mr. Russell on plentyoffish.com, which she

asserts is owned by Match Group, and that Match Group failed to screen its users. As a result, she asserts she was "pressured, intimidated, manipulated, and bullied" into continuing a date with Mr. Russell. A child resulted from the relationship, which Ms. Jones alleges resulted from Mr. Russell "tricking" her into thinking he would use protection during intercourse. She also alleges that Mr. Russell gave her an STD and a related medical condition that causes her pain and has no known cure. Her complaint names three counts against each defendant: negligence, intentional infliction of emotional distress, and fraud/negligent misrepresentation.

{¶3} Match Group filed a motion to dismiss the claims against it for lack of subject matter jurisdiction, which the trial court granted. In the same order, the court denied Ms. Jones' motion for default judgment against Mr. Russell as the docket indicated she had not obtained proper service against him. It is from this order that Ms. Jones now appeals.

{¶4} Match Group filed a motion to dismiss the appeal for lack of final appealable order.

{¶5} "If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed." *Arnold v. Arnold,* 11th Dist. Geauga No. 2021-G-0026, 2021-Ohio-4186, ¶3, citing *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). "For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and if applicable, Civ.R. 54(B)." *Viers v. Kubach,* 11th Dist. Lake No. 2021-L-015, 2021-Ohio-1135, ¶3, citing *Children's Hosp. Med. Ctr. v. Tomaiko,* 11th Dist. Portage No. 2011-P-0103, 2011-Ohio-6838, ¶3. Civ.R. 54(B) states in pertinent part: "When more than one claim for relief is presented in an action * * *, the court may enter final judgment as to one or more but

2

fewer than all of the claims or parties only upon an express determination that there is no just reason for delay."

{¶6} In this case, the trial court has only disposed of the action as to Match Group, but not as to Mr. Russell, and did not include a statement that there is no just reason for delay pursuant to Civ.R. 54(B). Moreover, though the court noted that Ms. Jones had not satisfactorily served Mr. Russell pursuant to Civ.R. 3(A), it appears the time for service has not yet elapsed and the court has not dismissed the claims against Mr. Russell pursuant to Civ.R. 4(E). *See Reid v. Johira,* 8th Dist. Cuyahoga No. 96713, 2011-Ohio-5400. *Compare Krlich v. Shelton,* 11th Dist. Trumbull No. 2016-T-0003, 2016-Ohio-3292, ¶10 and fn. 3 (noting that when a defendant was not served within one year of the complaint pursuant to Civ.R. 3(A), the fact that the claims against them were not disposed of by the court did not affect the appealability of the order). Accordingly, the November 8, 2022 entry of the Portage County Court of Common Pleas is not a final appealable order, and this court is without jurisdiction to hear this appeal.

{¶7} We acknowledge that the present matter was dismissed by the trial court as to Match Group in response to Match Group's Motion to Compel Arbitration and Alternative Motion to Dismiss and on the ground that the claims against Match Group were "subject to mandatory arbitration." The Ohio Supreme Court has held that "R.C. 2711.02(C) permits a party to appeal a trial court order that grants or denies a stay of trial pending arbitration, even when the order makes no determination pursuant to Civ.R. 54(B)." *Mynes v. Brooks*, 124 Ohio St.3d 13, 2009-Ohio-5946, 918 N.E.2d 511, syllabus. Here, since the trial court dismissed the complaint as to Match Group but did not rule on the request for a stay of proceedings, we do not find R.C. 2711.02 is applicable or creates

3

a final appealable order. *See Frank Novak & Sons, Inc. v. Greater Cleveland Growth Assn.*, 8th Dist. Cuyahoga No. 69778, 1996 WL 432456, \*2 (Aug. 1, 1996) (where the trial court ruled on the motion to dismiss due to an arbitration agreement but did not address the request for a stay on the same grounds, R.C. 2711.02 was inapplicable and the order was not final); *Raney v. Weather Safe Exteriors, Inc.*, 12th Dist. Preble No. CA2020-08-014, 2021-Ohio-999, ¶ 13.

{¶8} For the foregoing reasons, Match Group's motion to dismiss is granted, and this appeal is dismissed.

{¶9} Appeal dismissed.


JOHN J. EKLUND, P.J.,

MARY JANE TRAPP, J.,

concur.