[Cite as *State ex rel. Streetsboro City School Dist. Bd. of Edn. v. Streetsboro*, 2019-Ohio-663.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**PORTAGE COUNTY, OHIO**


| | | |
|---|---|---|
| STATE ex rel. STREETSBORO CITY SCHOOL DISTRICT BOARD OF EDUCATION, | : | **MEMORANDUM OPINION** |
| | : | |
| Plaintiff-Appellee, | : | **CASE NO. 2018-P-0042** |
| | : | |
| - vs - | : | |
| | : | |
| CITY OF STREETSBORO, | : | |
| | : | |
| Defendant-Appellant. | : | |


Civil Appeal from the Portage County Court of Common Pleas, Case No. 2015 CV 00996.

Judgment: Appeal dismissed.


*Christian M. Williams, Megan D. Maurer* and *Samantha A. Vajskop,* Pepple & Waggoner, Ltd., Crown Centre Building, 5005 Rockside Road, Suite 260, Cleveland, OH 44131 (For Plaintiff-Appellee).

*Paul A. Janis,* Streetsboro Law Director, 555 Frost Road, Streetsboro, OH 44241; and *John D. Latchney,* O'Toole, McLaughlin, Dooley & Pecora Co, LPA, 5455 Detroit Road, Sheffield, OH 44054 (For Defendant-Appellant).


CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, the city of Streetsboro ("the City"), appeals from the judgment of the Portage County Court of Common Pleas, granting summary judgment in favor of appellee, Streetsboro City School District Board of Education ("the Board"). For the

reasons discussed below, the appeal must be dismissed for lack of appellate jurisdiction.

{¶2} The underlying dispute arises from a dispute between the parties relating to the interpretation of an "Income Tax Revenue Sharing Agreement." As a result, the Board filed suit against the City seeking a declaratory judgment interpreting the contract in its favor; it also filed a claim for breach of contract, seeking damages and a statutory claim seeking damages. The City filed an answer and a counterclaim seeking declaratory judgment on the contract's interpretation in its favor.

{¶3} The parties filed motions for summary judgment. The Board sought summary judgment on all claims raised in its complaint and on the City's counterclaim. Similarly, the City sought summary judgment on its counterclaim and the claims alleged in the Board's complaint.

{¶4} On March 22, 2018, the trial court partially granted the Board's motion for summary judgment finding no genuine issue of material fact on its claims and, as a result, the Board was entitled to summary judgment as a matter of law on the issue of liability. The court also denied the City's motion. The judgment provided, in relevant part:

> {¶5} Upon review of the pleadings, motions and evidence filed herein, this Court concludes that there are no genuine issues of material fact in dispute in regards to the claims of the Plaintiff and the Plaintiff is entitled to judgment as a matter of law. The Court also concludes that there are genuine issues of material fact in dispute in regards to the claims of the Defendant and, as such, Defendant is not entitled to judgment as a matter of law.

> {¶6} IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the Motion of Plaintiff, Streetsboro City School District Board of Education, for Summary Judgment is hereby GRANTED.

**{¶7}** IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Motion of Defendant City of Streetsboro, for Summary Judgment is hereby DENIED.

**{¶8}** The judgment additionally ordered that a damages hearing to be set and included Civ.R. 54(B) language that "[t]here is no just reason for delay." The Board filed a brief relating to damages on May 7, 2018. And, without formal motion, the trial court issued a nunc pro tunc judgment entry on May 8, 2018. In the entry, the court made the following highlighted changes to the March 22, 2018 judgment:

**{¶9}** Upon review of the pleadings, motions and evidence filed herein, this Court concludes that there are no genuine issues of material fact in dispute in regards to the claims of the Plaintiff and the Plaintiff is entitled to judgment as a matter of law **on its claims and on Defendant's counterclaim**. The Court also concludes **since Plaintiff's Motion for Summary Judgment has been granted as to Plaintiff's claims on Defendant's counterclaim, Defendant's Motion for Summary Judgment must be denied.**

**{¶10}** IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the Motion of Plaintiff, Streetsboro City School District Board of Education, for Summary Judgment is hereby GRANTED **as to Plaintiff's claims and on Defendant's counterclaim**.

**{¶11}** IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Motion of Defendant City of Streetsboro, for Summary Judgment is hereby DENIED.

**{¶12}** On June 6, 2018, the City filed its notice of appeal from the May 8, 2018 nunc pro tunc entry. This court subsequently issued a show-cause order regarding why the appeal should not be dismissed for lack of a final order due to the pending damages hearing. In response, the City argued the nunc pro tunc order complied with R.C. 2505.02(B) because the declaratory judgment action was a special proceeding and it was seeking enforcement of a contract, which involves a substantial right. Moreover,

3

even though the damages hearing was pending, the City pointed out the order included the requisite Civ.R. 54(B) language.

{¶13} The Board responded that, notwithstanding the accuracy of the City's points, the appeal should be dismissed because it was untimely. The Board argued that the March 22, 2018 judgment was a final order and the nunc pro tunc entry, which did not change the substantive effect of the previous order, did not toll the 30-day timeframe for filing an appeal from the March order. Thus, the Board concluded the appeal should be dismissed for lack of jurisdiction.

{¶14} On July 18, 2018, this court issued judgment stating its jurisdictional concerns were resolved and also denied the Board's motion to dismiss. As such, the matter proceeded to briefing. In its answer brief, the Board requested this court to revisit its ruling on the jurisdictional issue. Upon reconsideration, we conclude this matter must be dismissed.

{¶15} The Board's complaint sought declaratory judgment that its interpretation of the agreement was correct; the Board also claimed the City breached the agreement for failing to adhere to this interpretation and, as such, the Board asserted it was entitled to damages. Although a declaratory judgment action is an appropriate means for a declaration of rights and obligations under an agreement, the breach of contract claim in this matter is simply a restatement of the basis of the declaratory action, only seeking damages. In effect, the two counts are substantively the same as they relate to the issue of liability. In this instance, permitting an appeal to go forward on the declaratory action claim would be tantamount to impermissibly allowing an appeal to proceed on the breach claim without resolution of damages. *See e.g. Walburn v. Dunlap,* 121 Ohio

4

St.3d 373, 2009-Ohio-1221, ¶31 (The general rule is that an order determining liability but not damages is not a final, appealable order).

**{¶16}** Civ.R. 54(B) certification serves to demonstrate that the trial court has determined that its order should be appealable. *Mynes v. Brooks,* 124 Ohio St.3d 13, 2009-Ohio-5946, ¶9. The purpose of Civ.R. 54(B) is to reconcile the strong policy against piecemeal litigation with the possible injustice of delayed appeals in special situations. citing *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). A trial court's use of Civ .R. 54(B) certification is discretionary. *Noble*, *supra*, 97, fn. 7.

**{¶17}** Permitting the underlying appeal to go forward, in light of the substantive redundancy of the declaratory judgment action and breach claim, would unnecessarily fragment the underlying litigation. We therefore conclude the trial court abused its discretion when it certified the matter pursuant to Civ.R. 54(B). The arguments upon which the City premised its appeal may be properly raised after all issues are disposed of in the trial court.

**{¶18}** Because the issue of damages vis-à-vis the breach and statutory claims were unresolved at the time the instant appeal was filed, and Civ. R. 54(B) was not appropriate, this appeal must be dismissed for lack of a final appealable order.

THOMAS R. WRIGHT, P.J.,

TIMOTHY P. CANNON, J.,

concur.

5