[Cite as *Shamrock v. Cobra Resources, L.L.C.*, 2020-Ohio-3856.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STEVEN H. SHAMROCK, et al., | : | **MEMORANDUM OPINION** |
| Plaintiffs-Appellants, | : | |
| - vs - | : | **CASE NO. 2019-T-0064** |
| COBRA RESOURCES, LLC, | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2016 CV 00690.

Judgment: Appeal dismissed.

*Ned C. Gold, Jr.*, The Gold Law Firm, 7011 East Market Street, Warren, OH 44484 (For Plaintiffs-Appellants).

*Jerry R. Krzys*, Henderson, Covington, Messenger, Newman & Thomas Co., L.P.A., 6 Federal Plaza Central, Suite 1300, Youngstown, OH 44503 (For Defendant-Appellee).

MATT LYNCH, J.

{¶1} On September 20, 2019, plaintiffs-appellants, Steven and Victoria Shamrock and Emerald S. Enterprises, LLC, filed a notice of appeal from the February 23, 2018 and August 23, 2019 Judgment Entries of the Trumbull County Court of Common Pleas. In these entries, the court granted summary judgment in favor of defendant-appellee, Cobra Resources, LLC, on the plaintiffs' claims and Cobra's counterclaims as to Emerald, and awarded attorney's fees to Cobra. Upon reviewing these entries, this court issued a judgment on May 19, 2020, asking appellants to show

cause as to why this appeal should not be dismissed due to lack of a final, appealable order. Appellants did not file a response. Cobra filed a brief, arguing that the lower court "in effect determined the action" by making findings that only Emerald had to pay damages on the counterclaim which "prevented judgment in Cobra's favor on its counterclaims against the Shamrocks." Upon consideration, this court finds that the judgments are not final, appealable orders.

{¶2} Pursuant to Section 3(B)(2), Article IV of the Ohio Constitution, a trial court judgment "can be immediately reviewed by an appellate court only if it constitutes a 'final order' in the action." *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶ 3. If an appeal is not taken from a final order, the appellate court does not have jurisdiction to review the matter and it must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989). Where there are multiple claims and/or parties involved, an entry that renders final judgment as to one or more but fewer than all of the claims or parties is not a final appealable order in the absence of properly included Civ.R. 54(B) language that there is no just reason for delay. *Riebe Living Trust v. Concord Twp.*, 11th Dist. Lake No. 2010-L-050, 2010-Ohio-5934, ¶ 6.

{¶3} The Shamrocks and Emerald filed a complaint alleging claims against Cobra arising from a mineral lease dispute. Cobra responded with an answer and counterclaims alleging the following breaches by "plaintiffs": breach of warranty of title, breach of warranty of quiet enjoyment, and breach of release. Cobra subsequently filed a motion for summary judgment and reply which contended that it was entitled to summary judgment on its counterclaims, arguing that Emerald, and the Shamrocks as its successors, had breached warranties made in the lease and settlement agreement by

filing suit.

{¶4} In a February 23, 2018 Judgment Entry, the trial court granted summary judgment in favor of Cobra on all claims in the complaint. As to the counterclaims, the court stated: "There is no question that in filing the complaint in this action Emerald breached the warranty of title guaranteed in the Oil and Gas Lease as well as the warranty of quiet enjoyment guaranteed in the Settlement Agreement * * * [and the] Settlement Agreement release language." It granted summary judgment in favor of Cobra on "the counterclaims against Emerald" and did not mention or address the counterclaims in relation to the Shamrocks.

{¶5} Following the presentation of argument on the issue of damages, during which the parties disputed whether the Shamrocks should be ordered to pay damages or attorney's fees in light of the summary judgment decision, the court issued an August 23, 2019 Judgment Entry in which it granted judgment against Emerald for attorney's fees and costs in the amount of $99,423.28. In that entry, the court addressed the argument that the Shamrocks could not be assessed damages, stating:

> The Settlement Agreement was executed between Cobra and Emerald; the Shamrocks were not in privity at the time of the construction of that agreement. However, the Agreement is binding upon 'heirs and successors' according to its own terms. The Shamrocks are indeed, such successors in interest to Emerald. However, the Court finds since there is no direct privity between Cobra and the Shamrocks, Cobra is limited to recover against Emerald only. Whether or not Emerald seeks contribution from Shamrock as a successor in interest is between Emerald and Shamrock.

It subsequently reiterated: "Summary judgment was granted in favor of Cobra on the counterclaim. However, the Court finds the damages to be assessed are proper only against Emerald; not Shamrock."

3

{¶6} The foregoing discussion by the trial court did not constitute a judgment on the counterclaims as to the Shamrocks. Although the counterclaims had been brought against "the plaintiffs," the lower court did not state that the counterclaims were either granted or denied in relation to the Shamrocks but ruled only as to Emerald. While Cobra contends that the court's foregoing discussion showed that it "in effect determined the action," its failure to explicitly rule on the counterclaims against the Shamrocks did not determine the action as to them. The trial court has failed to enter final judgment on all of the claims pending against all of the parties in this action.

{¶7} We do note that a judgment can be appealed as to only some claims or parties when the trial court properly includes Civ.R. 54(B) language that there is "no just reason for delay." In its August 23, 2019 Judgment Entry, the trial court stated that "there is no just cause for delay." However, we find that the inclusion of such language does not create a final order in this instance.

{¶8} As this court has explained, while a Civ.R. 54(B) certification demonstrates that the trial court has determined its order should be appealable, the use of such a certification is discretionary. *State ex rel. Streetsboro City School Dist. Bd. of Edn. v. City of Streetsboro*, 11th Dist. Portage No. 2018-P-0042, 2019-Ohio-663, ¶ 16, citing *Noble v. Colwell*, 44 Ohio St.3d 92, 97, fn. 7, 540 N.E.2d 1381 (1989). "The purpose of Civ.R. 54(B) is to reconcile the strong policy against piecemeal litigation with the possible injustice of delayed appeals in special situations." *Id.* A Civ.R. 54(B) certification has been found to be an abuse of discretion, and the lower court's judgment not appealable, where the claims are substantively redundant and the certification "would unnecessarily fragment the underlying litigation." *Id.* at ¶ 17.

{¶9} In this case, the counterclaims raised by Cobra against the separate parties arise from the same set of facts, involve examination of the same documents, and the parties all presented joint pleadings and arguments throughout the proceedings. Given the intertwined nature of the counterclaims and considering the purposes of judicial economy, Civ.R. 54(B) language does not render judgment final. *See Deutsche Bank Natl. Trust Co. v. Germano*, 11th Dist. Portage No. 2010-P-0081, 2011-Ohio-3122, ¶ 8-9 (rejecting the trial court's use of Civ.R. 54(B) language where there was significant "overlap between the claims adjudicated and the claims that remain pending" since fracturing the appellate process is not in the interest of "sound judicial administration") (citation omitted); *KMV V, Ltd. v. DeBolt,* 11th Dist. Portage No. 2009-P-0045, 2009-Ohio-4454, ¶ 4.

{¶10} Based upon the foregoing analysis, this appeal is hereby sua sponte dismissed due to lack of a final appealable order.

{¶11} Appeal dismissed.


TIMOTHY P. CANNON, P.J.,

MARY JANE TRAPP, J.,

concur.