[Cite as *Schneider v. Shafran*, 2013-Ohio-380.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| HENRY W. SCHNEIDER, | : | APPEAL NO. C-120225 |
| | | TRIAL NO.  A-1109174 |
| FOREST PARK PARTNERS INVESTMENTS, LLC, | : | |
| | : | |
| and | | |
| | : | *O P I N I O N.* |
| FOREST PARK PARTNERS PROPERTIES, LLC, | : | |
| Plaintiffs-Appellees, | : | |
| vs. | : | |
| JOSEPH M. SHAFRAN, | : | |
| FOREST PARK, INC., | : | |
| and | : | |
| FOREST PARK PARTNERS LIMITED PARTNERSHIP, | : | |
| Defendants-Appellants. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal:  February 8, 2013

*Buckingham, Doolittle & Burroughs, LLP,* and *Alan P. DiGirolamo*, and *Myers Frayne Co., LPA,* and *Anne M. Frayne*, for Plaintiffs-Appellees,

*Ulmer & Berne, LLP, Reuel D. Ash, Christopher J. Mulvaney* and *Bradley D. Kaplan,* for Defendants-Appellants.

Please note:  this case has been removed from the accelerated calendar.

Per Curiam.

{¶1}    Defendants-appellants Joseph M. Shafran, Forest Park, Inc., and Forest Park Partners Limited Partnership (collectively, "the Shafran parties") appeal from the trial court's denial of their motion to stay litigation pending arbitration.  Plaintiffs-appellees Henry W. Schneider, Forest Park Partners Investments, LLC, and Forest Park Partners Properties, LLC, (collectively, "the Schneider parties") and the Shafran parties were involved in various  business dealings to purchase and develop Forest Park Plaza in Dayton, Ohio.  The resolution of the appeal requires this court to interpret the terms of two agreements reached among the parties in 1994 and in 2009.  The earlier agreement included a clause requiring arbitration of disputes arising from the agreement; the later one included a forum-selection clause and was silent as to arbitration.

{¶2}    The Forest Park Partners Limited Partnership was created by a 1994 Partnership Agreement to provide funding for the Dayton development.  As part of that agreement, the partnership borrowed $3,665,000 from The Park National Bank.  We note that while Shafran was a key player in the development, he signed the agreement only in his capacity as president of the general partner, Forest Park, Inc.

{¶3}    The 1994 Partnership Agreement included an arbitration clause providing that:

> Any dispute or controversy arising under, out of, or in connection with or in relation to this Agreement and any amendments thereof or the breach thereof, or in connection with the dissolution and winding up of the Partnership, shall be determined and settled by arbitration to be held in Cleveland, Ohio, in accordance with the rules, then applicable, of the American Arbitration Association.

{¶4} By 2008, funding difficulties imperiled the development. The lenders required Schneider and Shafran to pledge liquid assets in the amount of $2,950,000 as security for the bank loan. The parties, now including Shafran in his personal capacity, entered into a second agreement ("the 2009 Agreement") memorializing their decision that Schneider would make a short-term loan to Shafran of 50 percent of the required liquid collateral, which Shafran agreed to repay. The purpose of the 2009 Agreement was "to substantiate the terms upon which * * * the [1994] Partnership Agreement is to be amended." But the agreement is laden with ambiguous and contradictory terms.

{¶5} Section 2 of the 2009 Agreement, entitled "Amendments to Partnership Agreement," provides that the Partnership Agreement "shall be amended and restated to provide as follows." The section then identifies six separate amendments to the 1994 Partnership Agreement. Yet there is no mention in the "Amendments" section that the arbitration provisions were being changed. But Section 10 of the 2009 Agreement provided a forum-selection clause, stating, in pertinent part, that:

> The Agreement will be governed by, and construed in accordance with, the laws of the State of Ohio. To the fullest extent permitted by applicable law, each party hereby irrevocably submits to the exclusive jurisdiction of any State court or Federal court sitting in Hamilton County, Ohio in respect of any suit, action, or proceeding arising out of or relating to the provisions of this Agreement.

{¶6} The forum-selection clause is silent as to its impact on the 1994 arbitration clause, including its provision that any amendments to the Partnership Agreement would be subject to arbitration.

{¶7} In a subsequent section, entitled "Miscellaneous," the 2009 Agreement states that it sets forth the entire understanding of the parties and that it supersedes all prior understandings. Yet two paragraphs later, in Section 13, the Agreement declares

that four sections of the 1994 Partnership Agreement, not including the arbitration provision, survive amendment. It does not state that these are the only surviving provisions.

{¶8} Despite promising, in Section 3 of the 2009 Agreement, that he would "fully and absolutely guarantee" his obligation to repay 50 percent of the collateral, Shafran did not pay. The partnership ultimately defaulted on the bank loan. When Shafran ignored a November 2001 written demand for payment, the Schneider parties brought suit for breach of the 2009 Agreement. The Shafran parties filed a motion to stay litigation pending arbitration as required by the 1994 Partnership Agreement. The trial court ultimately denied the motion. This appeal ensued.

{¶9} In conformity with 1st. Dist. Loc.R. 16.1(A)(2)(a), each party provided a jurisdictional statement in its appellate brief. The Schneider parties asserted that this court lacked jurisdiction because the appeal was taken from an interlocutory order denying an ordinary request for a stay. *See Community First Bank & Trust v. Dafoe*, 108 Ohio St.3d 472, 2006-Ohio-1503, 844 N.E.2d 825, ¶ 26 and 31. But since the trial court's March 6, 2012 entry overruling the Shafran parties' motion implicated a determination of whether the Shafran parties had waived arbitration, that entry is a final appealable order. *See* R.C. 2711.02(C); *see also Mynes v. Brooks*, 124 Ohio St.3d 13, 2009-Ohio-5946, 918 N.E.2d 511.

{¶10} In their first assignment of error, the Shafran parties assert that the trial court erred by denying their motion to stay proceedings pending the outcome of arbitration. The determination of whether a controversy is arbitrable under a contract is a question of law. *See Dunkelman v. Cincinnati Bengals, Inc.*, 158 Ohio App.3d 604, 2004-Ohio-6425, 821 N.E.2d 198, ¶ 20; *see also Carew v. Seeley*, 1st Dist. No. C-050073, 2005-Ohio-5721,¶ 12. Therefore, we review the issue of arbitrability de novo. *See id.*

{¶11} There is a strong presumption in favor of agreeing to resolve disputes by arbitration. *See Academy of Medicine of Cincinnati v. Aetna Health, Inc.*, 108 Ohio St.3d

185, 2006-Ohio-657, 842 N.E.2d 488, ¶ 10; *see also* R.C. Chapter 2711. Because arbitration is a matter of contract, "the telling question" is whether "the parties agreed to empower an arbitrator to decide [the controversy], as revealed by an examination of the parties' agreement." *Council of Smaller Enterprises v. Gates, McDonald & Co.*, 80 Ohio St.3d 661, 665, 687 N.E.2d 1352 (1998). Thus, while there is a strong policy favoring arbitration agreements, a party is not entitled to participate in arbitration if it has not agreed to do so. *See Peters v. Columbus Steel Castings Co.*, 115 Ohio St.3d 134, 2007-Ohio-4787, 873 N.E.2d 1258, ¶ 8; *see also Reedy v. Cincinnati Bengals, Inc.*, 143 Ohio App.3d 516, 526, 758 N.E.2d 678 (1st Dist.2001).

{¶12} First, we note that Shafran was not a party to the 1994 Partnership Agreement containing the arbitration clause. He signed the agreement only in his capacity as president of Forest Park, Inc. Thus, he may not now seek to benefit from arbitration to resolve his disputes with the Schneider parties. *See Reedy* at 526; *see also Teramar Corp. v. Rodier Corp.*, 40 Ohio App.3d 39, 41, 531 N.E.2d 721 (8th Dist.1987). The trial court did not err in denying Shafran's motion for a stay of litigation pending arbitration. The Schneider parties may proceed with their claims against Shafran, including their third and sixth claims for relief alleging that Shafran was a guarantor of the 2009 Agreement and is personally liable for all damages, and legal costs and fees, arising from the breach of the Agreement by the Shafran parties.

{¶13} But, the remaining Shafran parties, Forest Park, Inc., and Forest Park Partners Limited Partnership, the entity created by the 1994 agreement, are parties to the 1994 Agreement and have specifically contracted to resolve "[a]ny dispute or controversy arising under, out of, or in connection with or in relation to [the Partnership] Agreement *and any amendments thereof* or the breach thereof, * * * by arbitration." (Emphasis added.)

{¶14} The Schneider parties argue that their claims against the Shafran parties arise only from the 2009 Agreement and thus do not implicate the 1994 arbitration clause

despite their acknowledgement in their complaint that the 2009 Agreement "was executed in connection with the amendment to the [1994] Partnership Agreement." They now argue that the forum-selection clause of the 2009 Agreement, which makes no mention of arbitration, controls. We disagree.

{¶15} First, the Schneider parties' claims against Forest Park, Inc., and Forest Park Partners Limited Partnership, unlike those against Shafran personally, cannot be maintained without reference to their rights and obligations under the 1994 Partnership Agreement. Thus the Schneider parties' claims are within the scope of the arbitration agreement, as long as the remaining Shafran parties have not waived its application. *See Aetna*, 108 Ohio St.3d 185, 2006-Ohio-657, 842 N.E.2d 488, at ¶ 30.

{¶16} The Ohio Supreme Court has held that an arbitration clause, like the one at issue in this case, that provides that "any claim or controversy arising out of the agreement" is subject to arbitration is "the paradigm of a broad clause." *Aetna* at ¶ 18, quoting *Collins & Aikman Prods. Co. v. Bldg. Sys. Inc.*, 58 F.3d 16, 20 (2d Cir.1995), and *ADR/JB, Corp. v. MCY III, Inc.*, 299 F.Supp.2d 110, 114 (E.D.N.Y.2004). And a broad arbitration clause must be enforced unless it is clear that the clause " 'is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.' " *Aetna* at ¶ 14, quoting *AT & T Technologies, Inc. v. Communications Workers of Am.*, 475 U.S. 643, 650, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986), quoting *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-583, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960). Any doubt as to whether a forum-selection clause, included in a subsequent agreement, waives arbitrability must be resolved in favor of arbitrability. *See Reyna Capital Corp. v. McKinney Romeo Motors, Inc.*, 2d Dist. No. 24538, 2001-Ohio-6806, ¶ 45, quoting *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1971).

{¶17} Thus, a broad arbitration clause should not be denied effect unless it can be determined with a high degree of certainty that the parties knowingly waived their

contractual rights to arbitration. *See Reyna Capital* at ¶ 45-46, quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983).

{¶18}    Where, as here, the parties signed separate documents containing a broad arbitration clause and a forum-selection clause, the subsequently agreed-to forum-selection clause is silent as to arbitration, and the agreement containing the forum-selection clause is ambiguous as to its impact on the earlier agreement, we cannot say that the remaining Shafran parties knew that they were waiving their contractual remedy of arbitration. *See Reyna Capital* at ¶ 46.   Therefore, the first assignment of error is sustained as to Forest Park, Inc., and Forest Park Partners Limited Partnership.

{¶19}    In their second assignment of error, the Shafran parties assert that the trial court abused its discretion in overruling their motion for a stay because the 2009 Agreement and its forum-selection clause are void based upon the Schneider parties' fraud in the factum.  They allege that the Schneider parties switched signature pages to the later Agreement and that it did not express the final agreement reached between the parties.

{¶20}    Yet each draft of the Agreement, submitted to the trial court by the Shafran parties in support of their argument, including the text that they allege to be the actual final agreement, contains the forum-selection clause at issue.  Since the Shafran parties have not demonstrated that the alleged fraud induced them to agree to the inclusion of the forum-selection clause, the trial court's decision to reject a stay on these grounds is supported by a sound reasoning process and will not be disturbed on appeal. *See AAAA Ents., Inc. v. River Place Community Urban Redev. Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990); *see also Information Leasing Corp. v. Baxter*, 1st Dist. No. C-020029, 2002-Ohio-3930, ¶ 12, citing *Moses v. Business Card Express*, 929 F.2d 1131, 1138 (6th Cir.1991).  The second assignment of error is overruled.

{¶21}    Therefore, we affirm the trial court's entry as it applies to Shafran.  Having sustained the first assignment of error as to the remaining Shafran parties, Forest Park,

Inc., and Forest Park Partners Limited Partnership, we reverse the trial court's entry denying a stay pending arbitration as to those two parties only. The cause is remanded to the trial court for further proceedings consistent with law and this opinion.

Judgment accordingly.

**SUNDERMANN, P.J., HENDON** and **CUNNINGHAM, JJ.**

J. HOWARD SUNDERMANN, retired, from the First Appellate District, sitting by assignment.

Please note:

The court has recorded its own entry on the date of the release of this opinion.