[Cite as *Denham v. Encino Energy, L.L.C.*, 2025-Ohio-1585.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
HARRISON COUNTY

CHARLES DENHAM,

Plaintiff-Appellee,

v.

ENCINO ENERGY, LLC ET AL.,

Defendants-Appellants.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 24 HA 0013**

---

Civil Appeal from the
Court of Common Pleas of Harrison County, Ohio
Case No. CVH 2024-0054

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Reversed and Remanded.

---

*Atty. Ethan Vessels*, Fields, Dehmlow & Vessels, LLC, and *Atty. Richard Arnold* and *Atty. William Cline*, Arnold Gruber, LTD., for Plaintiff-Appellee and

*Atty. Timothy B. McGranor*, *Atty. Ilya Batikov*, *Atty. Eric A. Parker,* and *Atty. Celina J. Needle*, Vorys, Sater, Seymour and Pease, LLP, for Defendants-Appellants.

Dated:  May 2, 2025

**HANNI, J.**

{¶1} Defendants-Appellants, Encino Energy, LLC, EAP Operating, LLC, and EAP Ohio, LLC appeal from a Harrison County Court denying their motion to stay the proceedings filed by Plaintiff-Appellee, Charles Denham, pending arbitration. The trial court erred in determining that a dispute resolution addendum superseded the arbitration provision in the lease. Thus, the trial court should have granted the requested stay pending arbitration. For this reason, the trial court's decision is reversed and the matter is remanded.

{¶2} Appellee filed a complaint against Appellants on September 9, 2024, raising claims for a request for accounting, breach of contract, unjust enrichment, injunctive relief, and declaratory relief, and piercing the corporate veil. Appellee alleged that Appellants have been improperly deducting post-production expenses from royalty payments made to Appellee pursuant to an oil and gas lease (the Lease).

{¶3} On October 15, 2024, Appellants filed a motion to stay proceedings pending arbitration. In support of its motion, Appellants referred to the arbitration provision in the Lease. The arbitration provision provides:

> ARBITRATION. In the event of a disagreement between Lessor and Lessee concerning this Lease or the associated Order of Payment, performance thereunder, or damages caused by Lessee's operations, the resolution of all such disputes shall be determined by arbitration in accordance with the rules of the American Arbitration Association. Arbitration shall be the exclusive remedy and cover all disputes, including but not limited to, the formation, execution, validity and performance of the Lease and Order of Payment. All fees and costs associated with the arbitration shall be borne equally by Lessor and Lessee.

This arbitration provision is contained within the body of the Lease.

{¶4} The next day, October 16, 2024, Appellee filed a memorandum in opposition to the motion to stay. In support, Appellee cited to Exhibit B, an addendum to the Lease. The addendum contains 52 provisions. Appellee argued that the addendum

provision regarding disputes being heard in Harrison County controlled over the arbitration provision and, therefore, the matter was not subject to arbitration.

{¶5} The Lease contains several exhibits, which are "ATTACHED HERETO AND BY REFERENCE MADE A PART HEREOF." One of these exhibits is Exhibit B. The Exhibit B addendum provides in pertinent part:

> This Exhibit "B" is attached to and made a part of that certain Oil and Gas Lease and Exhibit A, Exhibit C and Exhibit D dated the 15TH day of April, 2011, by and between Carol A. Psilos, a widow and Charles W. Denham, as Lessor,
>
> and
>
> Gulfport Energy Corp., as Lessee. *If any of the following provisions conflict with or are inconsistent with the printed provisions or terms of this Lease, the following provisions shall control.*
>
> . . .
>
> 22. **All Disputes Decided in Harrison County Courts –** All disputes the parties are unable to resolve between themselves shall be subject to a civil lawsuit. The Courts in Harrison County, Ohio (Common Pleas and County) shall have exclusive jurisdiction over all disputes. Neither party shall be able to either file or remove a case to Federal Court.

("Harrison County provision"); (Emphasis added).

{¶6} The day after Appellee filed its memorandum in opposition, the trial court denied Appellants' motion to stay pending arbitration finding the matter was not arbitrable. It noted that although the main body of the Lease contained an arbitration provision, the parties agreed to the addendum, which controlled in the case of any inconsistencies. The court found that the plain meaning of the Harrison County provision was to supersede the arbitration provision in the Lease. It pointed to the language "all disputes" and "Decided in Harrison County Courts". The court found this language precluded any other entity, including an arbitrator, from adjudicating the dispute. It further explained that the Harrison

County provision provided that any disputes would be "subject to a civil lawsuit" and that the Harrison County Courts would have exclusive jurisdiction. The court concluded that to hold otherwise would render the Harrison County provision meaningless.

{¶7} Appellants filed a timely notice of appeal on November 1, 2024. They now raise two assignments of error for our review.

{¶8} Appellants' first assignment of error states:

THE TRIAL COURT ERRED BY FINDING THAT THE ADDENDUM'S FORUM SELECTION CLAUSE "SUPERSEDE[S] THE ARBITRATION CLAUSE IN THE MAIN LEASE" AND DENYING APPELLANTS' MOTION TO STAY PENDING ARBITRATION WITH THE AMERICAN ARBITRATION ASSOCIATION.

{¶9} A trial court's decision to grant or deny a motion to stay proceedings pending arbitration is generally reviewed for an abuse of discretion. *Eric Petroleum Corp. v. Ascent Resources-Utica, LLC*, 2022-Ohio-3619, ¶ 25 (7th Dist.). "A trial court's grant or denial of a stay based solely upon questions of law, however, is reviewed under a de novo standard." *Id.* at ¶ 25.

{¶10} In matters of contract interpretation, the Ohio Supreme Court has set forth:

The construction of a written contract is a matter of law that we review de novo. *Nationwide Mut. Fire Ins. Co. v. Guman Bros.* Farm (1995), 73 Ohio St.3d 107, 108, 652 N.E.2d 684. Our primary role is to ascertain and give effect to the intent of the parties. *Hamilton Ins. Serv., Inc. v. Nationwide Ins. Cos.* (1999), 86 Ohio St.3d 270, 273, 714 N.E.2d 898. We presume that the intent of the parties to a contract is within the language used in the written instrument. *Kelly v. Med. Life Ins. Co.* (1987), 31 Ohio St.3d 130, 31 OBR 289, 509 N.E.2d 411, paragraph one of the syllabus. If we are able to determine the intent of the parties from the plain language of the agreement, then there is no need to interpret the contract. *Aultman Hosp. Assn. v. Community Mut. Ins. Co.* (1989), 46 Ohio St.3d 51, 544 N.E.2d 920.

*Saunders v. Mortensen*, 2004-Ohio-24, ¶ 9.  As this assignment of error deals solely with the interpretation of the arbitration provision and the Harrison County provision, we will apply a de novo standard of review.

**{¶11}**  Appellants argue that the Harrison County provision, which they refer to as a forum-selection clause, does not supersede the arbitration provision.  They assert that unless a forum-selection clause explicitly removes a dispute from arbitration, the arbitration clause is controlling.  Citing, *Cedar Brook Financial Partners Holdings, LLC v. Schlang*, 2022-Ohio-3325, ¶ 41 (8th Dist.).  They argue that the Harrison County provision is vague and ambiguous and, therefore, insufficient to override the arbitration provision.  Citing, *Schneider v. Shafran*, 2013-Ohio-380, ¶ 18 (1st Dist.).

**{¶12}**  Appellants next assert that the arbitration provision and the Harrison County provision can be read together.  They note that Harrison County courts can still maintain exclusive jurisdiction even if the dispute is resolved through arbitration.  Appellants argue the two provisions can and should be read together.

**{¶13}**  Finally, Appellants argue that we must read the Lease as a whole, giving effect to both the arbitration provision and the Harrison County provision.  To do otherwise, they contend, would invalidate an enforceable arbitration clause and go against public policy favoring arbitration.

**{¶14}**  Arbitration is favored under Ohio law and any doubts regarding the applicability of a given provision should be resolved in favor of arbitration.  *Hayes v. Oakridge Home*, 2009-Ohio-2054, ¶ 15; *Taylor v. Ernst & Young, L.L.P.*, 2011-Ohio-5262, ¶ 20.

**{¶15}**  Furthermore, a contract is to be read as a whole with the intent of each part gathered from a consideration of the whole contract.  *Saunders*, 2004-Ohio-24, at ¶ 16, citing *Foster Wheeler Enviresponse, Inc. v. Franklin Cty. Convention Facilities Auth.*, 78 Ohio St.3d 353, 361 (1997).  "If it is reasonable to do so, we must give effect to each provision of the contract."  *Id.*, citing *Expanded Metal Fire-Proofing Co. v. Noel Constr. Co.*, 87 Ohio St. 428, 434 (1913).  Thus, we must read the Lease here as a whole and, if it is reasonable to do so, we must give effect to both the arbitration provision and the Harrison County provision.

Case No. 24 HA 0013

{¶16}  Before listing its 52 provisions, the addendum states:  "If any of the following provisions conflict with or are inconsistent with the printed provisions or terms of this Lease, the following provisions shall control."

{¶17}  In considering an addendum stating that it controlled over conflicting provisions in a lease, this Court has stated:

> [A]n introductory clause to an addendum stating it controls over clauses in the lease "does not destroy the fact that all lease provisions, where not clearly in conflict, should still be read in harmony with one another." *Id.* at ¶ 40. Even when a contract is unambiguous, a court's construction, when possible, should attempt to harmonize all provisions rather than reading them so as to produce conflict. *Id.* at ¶ 35.

*SJBK, LLC v. Northwood Energy Corp.*, 2023-Ohio-4729, ¶ 16 (7th Dist.), citing *Summitcrest, Inc. v. Eric Petroleum Corp.*, 2016-Ohio-888, ¶ 37 (7th Dist.).

{¶18}  Therefore, the law requires that we read the arbitration provision and the Harrison County provision in harmony with one another if at all possible.

{¶19}  An arbitration clause and a forum selection clause are not necessarily mutually exclusive because arbitration and litigation are not mutually exclusive.  *Cook v. Community Health Partners*, 2015-Ohio-1075, ¶ 10 (9th Dist.).

{¶20}  In *Cook* at ¶ 9, the Ninth District examined an arbitration clause requiring "any controversy or claim arising out of or related to this Agreement . . . shall be settled by arbitration" and a forum-selection clause that provided in part:  "Governing Law and Venue:  This Agreement shall be governed by, and construed and enforced in accordance with, the laws of the State of Ohio.  Any action or claim arising from, under or pursuant to this Agreement shall be brought in the courts, state or federal, within the State of Ohio[.]"  The court determined:

> The plain language of the forum selection clause defines the venue in which claims arising under the contract must be brought. It does not require that claims otherwise subject to arbitration must instead be brought in the courts. It does require that if a claim is brought in court, that it is

brought in the State of Ohio. At least three implications follow. [1] Claims excepted from the arbitration clause must be litigated in the State of Ohio. [2] In the event that the parties do not agree regarding arbitration or a party otherwise brings a claim on a matter that falls within the parameters of the arbitration clause, that claim must also be brought in the courts of State of Ohio, which may then apply the appropriate procedure to refer the matter to arbitration. Finally, [3] proceedings to enforce, vacate, or modify an arbitration award must be brought in a forum identified by the agreement.

*Id.*

**{¶21}** This Court recently agreed with *Cook*, stating "The reasoning and holdings of *Cook* are found throughout Ohio caselaw, as well as in federal case law dealing with arbitration." *Kar v. TN Dental Mgt., LLC*, 2024-Ohio-6075, ¶ 53 (7th Dist.). We also agreed with the Second District that "'[A] forum selection clause cannot void an arbitration clause unless the forum selection clause *specifically precludes* arbitration.'" (Emphasis added); *Id.* at ¶ 53, quoting *Reyna Capital Corp. v. McKinney Romeo Motors, Inc.*, 2011-Ohio-6806, ¶ 45 (2d Dist.).

**{¶22}** An example of a forum selection clause that did specifically preclude arbitration is found in the addendum at issue in *Reed Elsevier, Inc. v. Feder*, 2015-Ohio-5013, ¶ 13 (2d Dist.), which provided: "Claims and controversies involving the following *will not be subject to arbitration* and the parties agree to exclusive jurisdiction in federal or state courts located in Montgomery County, Ohio[.]" (Emphasis added). The Harrison County provision does not provide any language similar to this.

**{¶23}** In *Cedar Brook*, when determining if a forum-selection clause removed the dispute from arbitration, the Eighth District found:

[U]nless the forum-selection clause explicitly removes the dispute from arbitration or forcefully excludes arbitration, the arbitration clause is controlling. In this case, the forum-selection clause does not address arbitration at all. It merely states that "any lawsuit" must be filed in the Cuyahoga County Common Pleas Court. This language does not explicitly and/or forcefully exclude the Redemption Agreement from arbitration. Here,

given the preference for arbitration, the term "any lawsuits" means any dispute unresolved in arbitration.

*Cedar Brook Financial Partners Holdings*, 2022-Ohio-3325, at ¶ 41 (8th Dist.).

**{¶24}** And in *Schneider*, 2013-Ohio-380 (1st Dist.), the First District emphasized that a broad arbitration clause should not be denied effect unless it can be determined with a high degree of certainty that the parties knowingly waived their contractual rights to arbitration. *Id.* at ¶ 16. The court, noting the circumstances of its case, found that:

> Where, as here, [1] the parties signed separate documents containing a broad arbitration clause and a forum-selection clause, [2] the subsequently agreed-to forum-selection clause is silent as to arbitration, and [3] the agreement containing the forum-selection clause is ambiguous as to its impact on the earlier agreement, we cannot say that the remaining Shafran parties knew that they were waiving, their contractual remedy of arbitration.

*Id.* at ¶ 18.

**{¶25}** The case at bar has one difference from the preceding cases, however, which Appellee argues necessarily requires us to reach a different result. In this case, the Harrison County provision provides that: "If any of the following provisions conflict with or are inconsistent with the printed provisions or terms of this Lease, the following provisions shall control." But the two provisions can nonetheless be read together, which the law requires if possible.

**{¶26}** This Court pointed out as much in *Kar*, 2024-Ohio-6075, ¶ 51 (7th Dist.):

> Arbitration and litigation work together. An arbitration clause may specifically exclude certain types of controversies, which would then be resolved in court. An arbitration award may need to be confirmed and converted to a judgment, which would happen in court. A party may move to vacate an arbitration award, which would also happen in court. As the two processes work together, the fact that both are referred to in a contract does not create ambiguity or evidence the absence of a meeting of the minds.

Case No. 24 HA 0013

Thus, the arbitration provision and the Harrison County provision can be read in conjunction with each other.

**{¶27}** Additionally, the trial court and Appellee relied in part on the heading of the Harrison County provision that states "**All Disputes Decided in Harrison County Courts**". But the addendum provides that headings are not to be given any meaning:

50. **Miscellaneous** - . . . The section headings and sections [sic] numbers appearing in this Lease are inserts only as a matter of convenience and in no way define, limit, construe, or describe the scope or intent of such sections or paragraphs nor in any way affect this Lease.

Based on this provision, any reliance on the heading, "**All Disputes Decided in Harrison County Courts**" is misplaced.

**{¶28}** Based on the above, because the arbitration provision and the Harrison County provision can be read together to give effect to both of their terms, the trial court erred in denying Appellants' motion for a stay pending arbitration.

**{¶29}** Accordingly, Appellants' first assignment of error has merit and is sustained.

**{¶30}** Appellants' second assignment of error states:

THE TRIAL COURT ERRED BY NOT ALLOWING APPELLANTS TO FILE A REPLY MEMORANDUM UNDER CIV.R. 6 BEFORE ISSUING A DECISION.

**{¶31}** On October 15, 2024, Appellants filed a motion to stay proceedings pending arbitration. On October 16, Appellee filed a memorandum in opposition to the motion to stay. On October 17, the trial court entered judgment denying the stay.

**{¶32}** Appellants claim the trial court erred by not waiting seven days after Appellee filed its memorandum in opposition to rule on the motion so that Appellants could file a reply if they wished. They argue the trial court violated Civ.R. 6(C) by ruling on its motion without giving it a chance to reply to Appellee's memorandum in opposition.

**{¶33}** Civ.R. 6(C)(1) provides in relevant part:

Motion Responses and Movants' Replies Generally. Responses to a written motion, other than motions for summary judgment, may be served within fourteen days after service of the motion. . . . A movant's reply to a response to any written motion may be served within seven days after service of the response to the motion.

**{¶34}** Here, the trial court did not wait seven days after Appellants were served with the memorandum in opposition before it entered judgment denying the motion. So the trial court erred in not adhering to Civ.R. 6(C)(1).

**{¶35}** But, based on our resolution of Appellants' first assignment of error, this second assignment of error is moot.

**{¶36}** For the reasons stated above, the trial court's judgment is hereby reversed and the matter is remanded with instructions that the trial court grant the stay pending arbitration.

Waite, J, concurs.

Dickey, J., concurs.

———————————————

For the reasons stated in the Opinion rendered herein, the first assignment of error has merit and is sustained. The second assignment of error is moot. It is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Harrison County, Ohio, is reversed. We hereby remand this matter to the trial court with instructions that the trial court grant the stay pending arbitration and for further proceedings according to law and consistent with this Court's Opinion. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**